| 2 | 383 |
|---|---|
| 121 | 151 |

## CLARKSON DYE *v.* ALDEN S. BAILEY and JOHN WINTER.

All the requisitions of the statute in relation to the taking of depositions, must be strictly complied with; and this must appear upon the deposition to entitle it to admission.

This mode of taking depositions is in derogation of the common law, and the officers must follow the statute strictly.

There is nothing in the statute that requires that exceptions to depositions shall be filed before the time of trial. The objection can be made at any time before the depositions are read in evidence.

APPEAL from the Eleventh Judicial District.

After the jury were sworn, &c. in this cause in the District Court, the plaintiffs offered to read as evidence upon the trial the notice and the accompanying depositions of Elisha Anthony, Edward P. Penfield, Charles Van Pelt and Silas H. Bennett, and the certificates thereto appended; to the reading of which defendants objected on the ground that the notice was insufficient; that the depositions of Anthony Penfield and Van Pelt were taken on a day different from that in the notice to defendant; and for the insufficiency of the certificates of the officers, before whom they were taken. The Court overruled the objection, and permitted the depositions to be read, and defendants excepted.

The notice was addressed to Messrs. Robertson and Howell, attorneys of defendants, to the effect that the depositions of Penfield, Van Pelt and Anthony Ludlam would be taken before Justice Shephard, of San Francisco, on the 12th day of August, to be read, &c.; and that the depositions of Anthony Bennett and Joseph H. Dye would be taken before Andrew A. Hecox, Notary Public of Santa Cruz County, on the 16th August, 1851, &c. Signed, E. L. & S. W. Sanderson, Attorneys for Plaintiff.

The certificates of W. P. Shephard, Justice of the Peace, shows that the depositions of Anthony and Penfield were taken before him on the 13th day of August, 1852, at his office, in the city of San Francisco, and that of Van Pelt on the 14th August.

The certificate of Andrew A. Hecox, Notary Public in and for

the County of Santa Cruz, shows that the deposition of Bennett was taken before him on the 16th August, at the town of Santa Cruz, which certificate is sealed with the Notary's private seal, for want of an official one. The cause was taken by appeal to the Supreme Court, by whose decision, without any reference to the merits, the cause was remanded, the Court sustaining the exceptions taken to the reading of the depositions.

No brief filed for respondent.

*T. Robinson,* for appellant.

The Court erred in admitting depositions taken at San Francisco, when defendants were notified that they would be taken at Santa Cruz, and also in admitting depositions taken on a day different from that stated in the notice to defendant. Laws of California, 1851, p. 118, sec. 429; 4 Porter, 446, 960, 162; 6 Alabama, 681; 4 Alabama, 649. The certificates to the same were not good.

MURRAY, Justice.—On the trial of this cause, the plaintiff read in evidence certain depositions, which were objected to by the defendant, on the ground that the certificate of the officer before whom they were taken, was not in conformity with the statute, and that the depositions did not show that they were taken upon the day of notice.

We have before decided that this mode of taking testimony to be used in civil causes, is in derogation of the common law, and that the officer must follow the statute strictly. Every requisition of the statute must appear upon the deposition, to entitle it to admission. In this case the certificate of the officer is defective, and the depositions should have been excluded.

It is contended by the respondent, however, that the objections were not taken in time; that the exceptions should have been filed before the time of trial.

There is nothing in the statute, which renders this necessary, and in the absence of statutory provision or an express rule of Court upon the subject, the objection can be made at any time before the depositions are read in evidence.

We have carefully examined the facts of this case, with the view of sustaining the judgment of the Court below, without the

assistance of this evidence, but are unable to do so without usurping the province of a jury.

Judgment reversed, and new trial ordered.