Ben PAUL

v.

AMERICAN SURETY COMPANY OF NEW YORK.

Rosa PAUL

v.

AMERICAN SURETY COMPANY OF NEW YORK.

Civ. A. Nos. 7720, 8307.

United States District Court
S. D. Texas, Houston Division.

June 15, 1955.

Burris, Benton, Baker & Zwiener, F. F. Benton, Houston, Tex., for plaintiff.

Vinson, Elkins, Weems & Searls, Thomas B. Weatherly, and J. M. Hopper, Houston, Tex., for defendant.

INGRAHAM, District Judge.

This is a suit under the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.St.Tex. art. 8306, § 1 et seq., and the court has jurisdiction by reason of diversity of citizenship. The suit was originally filed by Ben Paul as plaintiff, claiming compensation for injuries allegedly sustained by him on or about April 15, 1953. It appears that he died on or about April 13, 1954, and that his widow, Rosa Paul, qualified as independent executrix of his estate and was substituted as plaintiff in her representative capacity in Civil Action 7720 and filed a suit in her own right upon the death claim in Civil Action 8307. By order entered October 13, 1954, the two suits were consolidated for trial.

The case is now before the court on defendant's motion to suppress the depo-

sition of Ben Paul. The deposition was taken at the request of defendant on October 30, 1953, in the office of Burris, Benton, Baker & Zwiener, Suite 700 Republic Building, Houston, Texas, before M. I. Mondshine, a Notary Public in and for Harris County, Texas, under the following agreement:

"It Was Agreed that notice, time, issuance of commission and all other statutory prerequisites incident to the taking and return of said depositions are waived; that same may be taken at the time and place set forth, and when reduced to writing and returned into court may be used by either party upon the trial of said cause; said depositions, however, to be subject to all other legal objections which need not be reserved at the time of taking the depositions, but may be urged at the time of trial the same as if the witnesses were testifying in person.

"It Was Agreed that the witnesses shall sign their respective depositions sometime prior to the trial of said cause before any notary or officer authorized to administer oaths."

Defendant's motion to suppress the deposition is on the ground that it was stipulated and agreed between counsel for the respective parties that the witness should sign the deposition sometime prior to the trial of said cause before any notary or officer authorized to administer oaths, and that the deposition of Ben Paul was not signed in accordance with this agreement between counsel.

Rule 30(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that a deposition shall be signed by the witness, but states certain exceptions, one being "unless * * * the witness is ill * * *." Affidavit filed by F. F. Benton, attorney for plaintiff, which stands uncontested, states:

"The deposition of Ben Paul taken on October 30, 1953, in the offices of Burris, Benton, Baker & Zwiener, 700 Republic Building, Houston, Texas, attorneys representing Ben Paul at such time and the same attorneys now representing his widow, Rosa Paul. At the time the deposition was taken Ben Paul's physical condition was such that he was unable to walk or move about, even with the aid of crutches, without the continued assistance of other persons to support him. From the time of the deposition to the date of his death on April 13, 1954, Ben Paul was confined to his home and never left it except on a few occasions when it was necessary that he go to his doctor for medical treatment or examinations which could not be conducted in his home. His physical condition was at all times such that he could not move about even in his own home without the assistance of a strong man. His wife, who is a small woman, was unable to move him and it became necessary that a male friend move into their home to assist in caring for him.

"The physical condition of Ben Paul from October 30, 1953, when his deposition was taken, to the date of his death was such that he was unable to attend to any business affairs."

In the case of Inland Bonding Co. v. Mainland National Bank of Pleasantville, D.C., 3 F.R.D. 438, 439, there was a waiver of the witness' signature. The witness, Needham, was duly sworn and testified upon examination by plaintiff's counsel. It was then stipulated that the hearing be adjourned to some subsequent date, the adjournment being occasioned by Needham's ill health. A few days later Needham died before defendant's attorneys had an opportunity to examine him.

The following is quoted from the Inland v. Mainland case, supra:

"The rules concerning the admissibility of evidence are designed to obtain as much of the truth as possible. The trial court is given much discretion in this respect. Strictly speaking, testimony such as this might be considered objectionable, but it cannot harm the defendants if it is admitted for what it is worth and the jury instructed accordingly, whereas to deny its admissibility might endanger the plaintiff's position in a case of this nature."

In the case of Ben Paul it appears that the interrogation was conducted by defendant, the objecting party, and that it was completed.

In the Inland v. Mainland case, supra, it is stated that the delay in completing the testimony of Mr. Needham before his death cannot be attributed to either of the parties. If the delay in the Ben Paul case can be attributed to either party, I believe it must be to the defendant, who was the party at whose instance and request the deposition of Ben Paul was taken, the party who presumably engaged, employed and paid the notary, M. I. Mondshine, and defendant was at liberty at any time between October 30, 1953, and April 13, 1954, to send Mr. Mondshine, or some other notary, out to Ben Paul's residence to procure his signature and oath to the deposition.

■ The rule which favors admissibility of evidence should be applied in doubtful cases. In the case of Franzen v. E. I. duPont de Nemours & Co., 3 Cir., 146 F.2d 837, 841, the facts were briefly: A widow of deceased sought workmen's compensation benefits under the laws of the State of New Jersey and in the course of such proceeding took the deposition of one witness Gordon. Eventually the New Jersey court denied her claim for compensation on jurisdictional grounds and she then filed the instant suit in the Federal Court of Louisiana seeking compensation for the death of her husband growing out of the same incident as previously and against the same insurer for the death of her husband. The witness Gordon died before the institution of the suit in Louisiana. The court held the deposition to be admissible, stating as follows:

"Whether the deposition was available to the plaintiff for use in the instant suit, under New Jersey rules, we need not consider. A question of evidence is to be determined by the rules of the forum. And, Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, enjoins upon a District Court the use of the rule of evidence, federal or state, which favors admissibility. The parties to the present suit and the former proceeding being the same and the issue involved in both being 'substantially the same', we think Gordon's deposition is clearly admissible under the Federal Rule as announced by Judge Woolley for this court in Smythe v. Inhabitants of New Providence Township [3 Cir.], 263 F. 481, 487."

■ I am of the opinion that the witness Ben Paul was ill at the time his deposition was taken on October 30, 1953, and that he continued in a condition of illness until he died on April 13, 1954 (Benton's affidavit), and that such illness constitutes an exception to Rule 30(e) of the Federal Rules of Civil Procedure which requires that the deposition shall be signed by the witness.

Defendant's motion to suppress the deposition of Ben Paul, taken on behalf of the defendant on October 30, 1953, is denied and overruled. Clerk will notify counsel to prepare and submit appropriate order.