Aaron **BERNSTEIN**, Executor of the Will of Louis Bernstein, Deceased, Plaintiff,

v.

Marcella Bernstein **BRENNER**, Defendant.

Civ. A. No. 3278–66.

United States District Court, D. Columbia.

May 25, 1970.

William D. Rogers, Arnold & Porter, Washington, D. C., for defendant.

Nicholas H. Zumas, Dutton, Gwirtzman, Zumas, Wise & Boasberg, Washington, D. C., for plaintiff.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The defendant in this case has moved to suppress a deposition, pursuant to Rules 30(e) and 32(d) of the Federal Rules of Civil Procedure.

Defendant is the widow of a deceased artist and the plaintiff is his father.[1] The deceased died intestate and the plaintiff relinquished his right to receive the share of his son's paintings in return for a consideration paid to him by defendant, the administratrix of the estate. In accepting the consideration, plaintiff relied on certain representations of the defendant and her agents as to the value and marketability of the paintings. The plaintiff's complaint charged that the representations of the defendant were fraudulent and sought rescission of the settlement agreement.

On July 2, 1969, plaintiff deposed by oral examination Dr. Allan R. Solomon, a prominent art historian, university professor and museum director, with the intention of using him as an expert witness at trial. Defendant's counsel attended and cross-examined the witness extensively. The deposition was transcribed on August 4, 1969 and copies were sent to counsel for the parties within that month. The witness died unexpectedly on February 18, 1970, without having reviewed, corrected or signed the deposition, as required by Rule 30(e). Subsequently, plaintiff filed the unsigned deposition and defendant the motion to suppress.

■ Plaintiff argues that defendant has waived the requirement for signature by failing to make a timely objection or by her counsel's attendance and participation at the taking of the deposition. Neither argument is valid. It is true that the deposition was unsigned for about six months but plaintiff has not shown that defendant knew this or suggested how she should have known it. The lack of signature was made known when the deposition was filed. Defendant's motion to suppress was timely filed two weeks later.

■ Genyard v. Jones, 18 F.R.D. 204, 205 (D.C.D.C.1955) is cited to support plaintiff's argument that waiver of signature occurred upon the attendance and participation of all counsel at the taking of the deposition. The court there held at page 205 that "[t]here was a waiver and this was agreed to by the physical presence of counsel of record which has the nature and effect of a stipulation." However, the court had been informed (by letter, appearing in the court file) that the witness had not cared to sign, had waived her right to do so and that this had been understood by all counsel. Thus the statement above refers to circumstances where a waiver was made known when the deposition was taken and where all parties were in attendance or were represented. Mere physical presence alone of the opposing counsel did not constitute a waiver of signature.

■ While Rule 30(e) requires that a deposition be signed, the Rule also contemplates exceptional circumstances, as where the witness "is ill or cannot be found", or where, as here, the witness has died. In exceptional circumstances the unsigned deposition may be used unless a motion to suppress is made. When made, the court must consider whether the reason for lack of signature is such that the deposition should be suppressed.

In cases decided under the Federal Rules, unsigned depositions of deceased

---

1. Louis Bernstein, the father, died while the suit was pending and the executor of his estate was substituted as party plaintiff in a representative capacity.

witnesses have been admitted. In Paul v. American Surety Co. of N. Y., 18 F.R.D. 68 (S.D.Texas 1955), defendant took plaintiff's deposition. Plaintiff died six months later. When plaintiff's counsel attempted to use the unsigned deposition, defendant moved to suppress. The Court reviewed the case of Inland Bonding Co. v. Mainland National Bank of Pleasantville, 3 F.R.D. 438 (D.C.N.J. 1944). There signatures had been waived, but the witness died before being cross-examined. The deposition was admitted and the court reasoned at page 69 of its opinion in 18 F.R.D.

> "[t]he rules concerning the admissibility of evidence are designed to obtain as much of the truth as possible. The trial court is given much discretion in this respect. Strictly speaking, testimony such as this might be considered objectionable, but it cannot harm the defendants if it is admitted for what it is worth and the jury instructed accordingly, whereas to deny its admissibility might endanger the plaintiff's position in a case of this nature."

The *Paul* court followed this reasoning and denied the motion to suppress, noting at page 70 that "[t]he rule which favors admissibility of evidence should be applied in doubtful cases."

In Re-Trac Corp. v. J. W. Speaker Corp., 212 F.Supp. 164 (E.D.Wisconsin, 1962), the objection was not to the lack of signature but to the incompleteness of the deposition: further interrogation was contemplated, the witness refused to answer some questions and lacked the information to respond to others. Furthermore, the deposition had been taken for discovery, not testimony. The witness died three months after the initial interrogation. The deposition was admitted, the court noting that the testimony was in the nature of cross-examination and that the plaintiff had not indicated specifically where the examination was incomplete. The *Paul* decision, *supra*, was cited, and the court

remarked at page 169, "Incompleteness and the freer range of questions and answers for the purpose of discovery are factors bearing on the weight of the testimony and not on its admissibility."

These cases liberally interpret Rules 30 and 32 "in the interest of allowing the trier of fact to have all available relevant data", 4 Moore, Federal Practice p. 2117 (1967 Ed.); Porter v. Seas Shipping Co., 20 F.R.D. 108, 109, (S.D. N.Y.1956). That this is the correct interpretation is suggested by a provision which appeared in the Advisory Committee's Preliminary Draft of May, 1936 of the Federal Rules, intended to be a portion of the present Rule 32:

> "None of the foregoing errors or irregularities, even when not waived nor any others, shall preclude or restrict the use of the deposition, except in so far as the court shall find that they substantially destroy its value as evidence or render its use unfair or prejudicial."

The provision was not included in the Rules because Rule 61 (Harmless Error) expressed the same ideas. 4 Moore, Federal Practice, p. 2203 (1967 Ed.).

It should be noted that there is a conflict in the state decisions on this subject. Wigmore states that "[signature] is usually treated as a technical requirement indispensable under the statutes." III Wigmore, Treatise on Evidence 217 (3rd Ed.1940). For example, California courts uniformly have suppressed unsigned depositions as in Voorheis v. Hawthorne-Michaels Company, 151 Cal. App.2d 688, 312 P.2d 51 (1957) and most recently in Reimel v. House, 268 Cal.App.2d 780, 74 Cal.Rptr. 345 (1969). The California statute makes signature mandatory and does not contemplate exceptional circumstances. Cal.Code Civ. P.Ann., Sections 2006 and 2032, (West, 1955). Under the influence of the Federal Rules, however, some state codes now permit a waiver of signature in exceptional circumstances, as in Missouri. The applicable section of the Missouri

Code duplicates Federal Rule 30(e) except that death is explicitly recognized as an exceptional circumstance permitting waiver of signature. Code Civ.P. Mo.Rev.Stat., Section 492.350 (1959). In cases decided under this statute, unsigned depositions have been admitted: Smith v. Thompson, 349 Mo. 396, 161 S.W.2d 232 (1942), Will Docter Meat Co. v. Hotel Kingsway, 232 S.W.2d 821 (Mo.App.1950), Drummond v. Hartford Fire Insurance Co., 343 S.W.2d 84 (Mo. App.1960).

■ The cases decided under the language of the Federal Rules and the philosophy behind the Rules suggest that in deciding a motion to suppress the factors to be considered are the relevance and importance of the testimony, the degree to which the evidence is impaired by the witness' failure to review, correct and sign the deposition and the prejudice that might result from its use.

Dr. Solomon was the U. S. Commissioner for the 1964 Venice Biennale, an international art exhibition. He decided in 1963 to feature the paintings of the artist (then deceased) at the Biennale. In making this decision and subsequently in selecting the paintings to be displayed, he reviewed the artist's works including hundreds of unframed paintings which apparently had not been circulated and had been stored for some time. Because of this review, he was able to testify when deposed as to the value and marketability of the paintings at that time. Such opinion evidence could possibly be most relevant in determining the issues raised by the pleadings. This testimony becomes particularly important since disinterested witnesses who possessed expertise and familiarity with the artist's work at that time are apparently limited.

■ An unreviewed and unedited deposition could possibly contain errors in transcription and ambiguities. Defendant suggested that this was especially likely because Dr. Solomon had a partial facial paralysis impairing the clarity of his speech at the time he was deposed. However, only a limited number of such instances were noted. While there may be latent errors which only the witness would have noticed, as well as portions of testimony which may have been changed, one can only speculate what the witness would have done had he reviewed the deposition. In any event the court is of the opinion that such problems affect largely the weight of the testimony, not its admissibility, as noted in Re-Trac Corp. v. J. W. Speaker Corp., *supra.*

■ Defendant contended that the testimony reflected vague impressions and matters of speculation and argues, therefore, that the deposition required numerous corrections. This does not follow. The witness gave his opinion of the value and marketability of the artist's paintings. While his testimony involved conjecture to some extent, it was to his credit that he stressed this in the deposition with cautionary remarks. His care in noting areas of doubt and personal impressions suggested the essential reliability of his testimony, and as previously noted, the cross-examination of the witness by the defendant's counsel was very extensive. The deposition was also accompanied by the reporter's sworn oath that it was a true record of Dr. Solomon's testimony.

Nor does the court feel that the defendant has shown prejudice to the extent that the deposition should be suppressed. Her arguments again challenge the reliability of the unedited and unreviewed testimony. But in this regard the plaintiff, too, would appear to be faced with similar risks.

The court concludes that under the circumstances presented, the failure of the witness to review and sign his deposition should not preclude its admissibility. At the trial of this proceeding, the court will have ample opportunity to consider further all relevant and proper

objections and thus preserve the rights of the parties.

It is, therefore, this 25th day of May, 1970,

ORDERED, that the Motion To Suppress The Deposition of Dr. Allan R. Solomon, be, and the same hereby is, denied.