Filed 9/15/14  Vanhouten v. Dept. of Motor Vehicles CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| BRIAN VANHOUTEN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEPARTMENT OF MOTOR VEHICLES,<br><br>    Defendant and Appellant. | E057310/E057341<br><br>(Super.Ct.Nos. CIVRS1200345<br>                    & CIVRS1200563)<br><br>OPINION |
| MARYANN GARDELLA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEPARTMENT OF MOTOR VEHICLES,<br><br>    Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph R. Brisco, Judge.  Reversed.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Senior Assistant Attorney General, and Elisabeth Frater, Deputy Attorney General, for Defendant and

1

Appellant.

Law Offices of Michael A. Scafiddi, Inc., Michael A. Scafiddi and Benjamin R. Cates for Plaintiffs and Respondents.

I

INTRODUCTION

These two consolidated appeals concern the issue of telephonic testimony about blood alcohol content (BAC) at an administrative hearing involving a driver's license suspension. Appellants are the Department and the Director of Motor Vehicles (DMV). Respondents are Brian Gene Vanhouten and Maryann Gardella, the drivers who were the subjects of the suspension hearings.

Vehicle Code section 13353.2[1] provides for immediate suspension of the privilege to operate a motor vehicle "when the person had 0.08 percent or more, by weight, of alcohol in his or her blood." (§ 13353.2, subd. (a)(1).) At the administrative hearing, Vanhouten objected to telephonic testimony from the arresting officer about the results of the breath test administered by the officer. Gardella objected to telephonic testimony by a criminalist about the results of BAC analysis. The administrative hearing officers allowed the telephonic testimony of both witnesses and Vanhouten and Gardella's licenses were suspended.

After respondents each filed an administrative writ petition, the superior court

---

[1] All statutory references are to the Vehicle Code unless otherwise identified.

granted the writs, deciding it was an abuse of discretion to admit the telephonic testimony. The DMV appeals, arguing it was not an error to admit telephonic testimony and, in the alternative, there was substantial evidence to support Gardella's conviction. Finally, the DMV argues the correct remedy was not reversal but to remand the matters to the administrative hearing officer. We agree that the superior court erred in issuing writs requiring the DMV to restore respondents' licenses. We reverse the judgment and affirm the license suspensions.

## II

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Gardella Facts

### 1. Gardella's Arrest

On June 19, 2011, Gardella was driving a motor vehicle and weaving outside the traffic lane. When Deputy Wijnhamer contacted Gardella, he observed that she displayed bloodshot and watery eyes, the odor of an alcoholic beverage, slurred speech, and an unsteady gait. In addition, Gardella failed to perform satisfactorily on the field sobriety tests. The deputy arrested Gardella on suspicion of driving while under the influence of alcohol. (§ 23152.) According to the sheriff's scientific investigations division report, Gardella's BAC was 0.27 percent.

### 2. Gardella's DMV Administrative Hearing

A DMV Driver Safety Officer, A. Diaz, conducted the administrative per se (APS) hearing. The physical evidence included the three-page sworn statement (DS 367),

3

prepared by Deputy Wijnhamer, and the BAC report. The report identifies Paulette Saunchez as the forensic alcohol analyst. Before the hearing, Gardella had objected by letter "to a telephonic hearing or any testimony of a telephonic nature," citing Government Code section 11440.30, subdivision (b), and California Code of Regulations, Title 13, section 115.07 (section 115.07). The DMV subpoenaed Saunchez to testify but she was not available to testify in person due to staffing problems and had been instructed by her supervisor not to appear. The hearing officer allowed Saunchez to testify by telephone.

Analyst Saunchez testified that Gardella's blood sample was analyzed on July 8, 2011; the result of 0.27 percent BAC was reported on the same date. The blood sample was analyzed pursuant to legal requirements and the testing equipment was in proper working order.

Gardella's attorney stated that—based on his standing objection—he was not asking Analyst Saunchez any substantive questions, electing instead to ask about the reasons she could not appear in person. Saunchez described how her work was affected by the lack of proper staffing for the laboratory, numerous subpoenas and court appearances, and a severe backlog of cases.

In the notification of findings and decision, the hearing officer noted counsel's objection to the telephonic testimony, and explained she allowed the testimony because of the understaffing, time constraints, and back log at the laboratory, and because Analyst

Saunchez had been advised by her supervisors that she was not required to appear in person at DMV hearings.

Hearing officer Diaz found the analyst was credible and consistent in her telephonic testimony. The hearing officer also found that Deputy Wijnhamer had reasonable cause to believe that Gardella was driving while under the influence; that he placed Gardella under lawful arrest; and that Gardella was driving a motor vehicle with a BAC of 0.08 percent or greater. The DMV suspended Gardella's license for four months.

*3. Gardella's Superior Court Hearing*

Gardella filed an administrative writ petition in superior court, seeking to set aside the DMV's suspension order and contending that the introduction of Analyst Saunchez's telephonic testimony over objection was an error of law that deprived Gardella of an opportunity to cross-examine a state witness in person. The DMV opposed the petition on the grounds that (1) Government Code section 11440.30 is inapplicable to DMV license suspension hearings; (2) assuming section 115.07 prohibited telephonic testimony over objection, Gardella failed to demonstrate that she suffered prejudice sufficient to overturn the decision of the hearing officer; and (3) the blood test results admitted at the APS hearing were sufficient to establish that Gardella had been driving with a BAC above .08 percent.

Based on *C & C Partners, Ltd. v. Department of Industrial Relations* (1999) 70 Cal.App.4th 603, 612, the DMV argued to the court that allowing telephonic testimony over objection was not an abuse of discretion. Gardella responded that the error was not

harmless because the hearing officer was unable to assess the credibility of the witness.

Superior court judge, Joseph R. Brisco, found Gardella was prejudiced "because she lost the hearing." The superior court granted the writ of mandate, determining that it was an abuse of discretion for the DMV hearing officer to admit the telephonic testimony, stating: "Without Ms. Saunchez's testimony, the only evidence of Petitioner's blood alcohol content is inadmissible, therefore, Petitioner's suspension is set aside."

B. *Vanhouten Facts*

1. *Vanhouten's Arrest*

On April 16, 2011, Deputy Clark responded to a traffic collision involving Vanhouten, who admitted driving and consuming alcohol, exhibited the objective signs of intoxication and failed adequately to perform the field sobriety tests. Vanhouten submitted to a chemical breath test, which twice resulted in a BAC of 0.13 percent, although the deputy failed to record the results on the chemical test portion of the DS-367. Deputy Clark prepared the DS-367; the DUI Evaluation/Arrest Report; the sheriff's department report; the National Draeger Alcotest 7110 MKIII-C Precautionary Checklist, with an attached copy of the printout of the Alcotest; and a traffic collision report.

2. *Vanhouten's DMV Administrative Hearing*

The DMV Driver Safety Officer, L.W. Hunt, conducted an APS hearing, relying upon the DS-367, the DUI arrest report, and the Alcotest checklist, with a photocopy of the printout of the chemical test. Before the APS hearing, Vanhouten objected by letter "to a telephonic hearing or any testimony of a telephonic nature." At the APS hearing,

6

Vanhouten's lawyer renewed the objection to the telephonic testimony of Deputy Clark based on the right to cross-examine the officer in person and on section 115.07 and Government Code section 11440.30, subdivision (b). The hearing officer overruled the objection, explaining that the DMV and the sheriff's department had agreed to allow telephonic testimony in suspension hearings because it would cost $150 for the deputy to appear personally at the DMV hearing.

Deputy Clark answered the hearing officer's questions about his omission on the "chemical test" portion of the DS-367, documenting the two breath test results of 0.13 percent. During cross-examination, Deputy Clark admitted that he did not know whether the breath device had been calibrated or maintained in compliance with regulations. However, he always confirms the equipment is in working order.

Hearing officer Hunt found that Deputy Clark had reasonable cause to believe Vanhouten was driving while under the influence; that he placed Vanhouten under lawful arrest; and that Vanhouten was driving a motor vehicle with a BAC of 0.08 percent or greater. The hearing officer also found that Deputy Clark had complied with testing standards and that he conducted the breath test in the process of his normal duties and within testing guidelines. The hearing officer noted that Vanhouten did not present any evidence to suggest that the testing equipment was not working properly. The DMV suspended Vanhouten's license for one year.

3. *Vanhouten's Superior Court Hearing*

Vanhouten filed an administrative writ petition asking the superior court to set

aside the DMV's suspension order on the ground that the DMV had committed an error

of law under section 115.07, subdivision (b), and Government Code section 11440.30. In

addition, Vanhouten contended he was prejudiced by the telephonic testimony because

the hearing officer could not assess Deputy Clark's credibility.

The DMV opposed the petition, arguing that, notwithstanding any error, the

chemical test results were valid and Vanhouten failed to demonstrate prejudice or

substantial injury. The DMV asserted it had satisfied its burden under section 13353.2 to

prove that Vanhouten had a BAC greater than .08 percent.

At Vanhouten's writ hearing, held in the week following the Gardella writ hearing,

Judge Brisco noted the similarities between the two cases. Judge Brisco granted the writ,

determining "it was an abuse of discretion for the DMV Hearing Officer to admit the

telephonic testimony of the investigating officer. The fact that the DMV failed to pay the

$150.00 appearance fee to the Sheriff's Department did not vest the Hearing Officer with

the authority to ignore the law over Petitioner's valid objection. Therefore, Petitioner's

suspension is set aside."

### III

### THE PETITIONS FOR WRIT OF MANDATE

A. *Overview of Statutory Scheme*

The driver's license suspension scheme, often referred to as the administrative per

se law, requires a person—who is determined to have been driving with a prohibited

amount of alcohol in his or her blood—to have driving privileges suspended without the

8

need for an actual conviction for a criminal offense: "'[T]he express legislative purposes of the administrative suspension procedure are: (1) to provide safety to persons using the highways by quickly suspending the driving privilege of persons who drive with excessive blood-alcohol levels; (2) to guard against erroneous deprivation by providing a prompt administrative review of the suspension; and (3) to place no restriction on the ability of a prosecutor to pursue related criminal actions. [Citations.]' [Citation.]" (*Lake v. Reed* (1997) 16 Cal.4th 448, 454.)

If a person is arrested for driving under the influence (§ 23152) and a chemical test reveals a BAC of 0.08 percent or greater, the officer must serve the person with a notice of order of suspension of the person's driving privilege, confiscate the person's driving license, and issue a temporary license, and send the DMV a "sworn report of all information relevant to the enforcement action, including information that adequately identifies the person, a statement of the officer's grounds for belief that the person violated Section . . . 23152 . . . [and] a report of the results of any chemical tests that were conducted on the person . . . ." (§§ 13380, subds. (a), (b); 13382.)

If a license suspension is imposed, the licensee may request an administrative hearing on the matter. (§§ 13557, 13558, and 14100.) At the hearing, the DMV bears the burden of proving by a preponderance of the evidence that the peace officer had reasonable cause to believe that the person had been driving a motor vehicle in violation of section 23152 and the person was arrested. (§§ 13557, subd. (b)(1)(A), (B).)

9

The evidentiary standards are somewhat relaxed. At the administrative hearing, the DMV "shall consider its official records and may receive sworn testimony." (§ 14104.7.) In other respects, Government Code section 11500 et seq., which applies to administrative hearings generally, governs the admission of evidence. (§ 14112, subd. (a); *Lake v. Reed, supra*, 16 Cal.4th at p. 458; *Molenda v. Department of Motor Vehicles* (2009) 172 Cal.App.4th 974, 987.) An administrative hearing before the DMV "does not require the full panoply of the Evidence Code provisions used in criminal and civil trials." (*Petricka v. Department of Motor Vehicles* (2001) 89 Cal.App.4th 1341, 1348.) "The hearing need not be conducted according to technical rules relating to evidence and witnesses, except as hereinafter provided. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of the evidence over objection in civil actions. [¶] . . . Hearsay evidence may be used for the purpose of supplementing or explaining other evidence but over timely objection shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." (Gov. Code, § 11513, subds. (c), (d).)

As noted, the Department bears the burden of proof at the hearing. (*Daniels v. Department of Motor Vehicles* (1983) 33 Cal.3d 532, 536; *Santos v. Department of Motor Vehicles* (1992) 5 Cal.App.4th 537, 549.) Since a driver's license is a protectable property interest, there must be a showing by "substantial competent evidence of facts

supporting the suspension." (*Davenport v. Department of Motor Vehicles* (1992) 6 Cal.App.4th 133, 139.)

The driver may file a petition for review of the hearing officer's decision in the superior court. (§ 13559, subd. (a).) "If the court finds that the [DMV] exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is not supported by the evidence in the record, the court may order the [DMV] to rescind the order of suspension or revocation and return, or reissue a new license to, the person." (*Ibid.*) Under the sufficiency of the evidence prong, the "court is required to determine, based on its independent judgment, '"whether the weight of the evidence supported the administrative decision."' [Citation.]" (*Lake v. Reed, supra*, 16 Cal.4th at pp. 456-457.) "The administrative findings come before the superior court with a 'strong presumption of correctness,' and the burden rests on the petitioner to establish administrative error. [Citation.]" (*Hildebrand v. Department of Motor Vehicles* (2007) 152 Cal.App.4th 1562, 1568.)

On appeal of a trial court's sufficiency of the evidence determination, "we 'need only review the record to determine whether the trial court's findings are supported by substantial evidence.' [Citation.] '"We must resolve all evidentiary conflicts and draw all legitimate and reasonable inferences in favor of the trial court's decision. [Citations.] Where the evidence supports more than one inference, we may not substitute our deductions for the trial court's. [Citation.] We may overturn the trial court's factual

11

findings only if the evidence before the trial court is insufficient as a matter of law to sustain those findings. [Citation.]"' [Citation.]" (*Lake v. Reed, supra*, 16 Cal.4th at p. 457.) We review the trial court's evidentiary rulings for abuse of discretion. (*Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1217.) Where the facts present a question of law, we conduct a de novo review. (*Park v. Valverde* (2007) 152 Cal.App.4th 877, 881; *Dyer v. Department of Motor Vehicles* (2008) 163 Cal.App.4th 161, 174.)

### B. Admission of Telephonic Testimony

In its opening brief, the DMV argued that Government Code section 11440.30[2] does not apply to DMV license suspension hearings, which are controlled by Vehicle Code sections 14100 through 14112 (*Serenko v. Bright* (1968) 263 Cal.App.2d 682, 689) and California Code of Regulations, Title 13, sections 115.01 through 115.10.[3] Respondents offer no contrary argument in their respondents' brief.

---

[2] Government Code section 11440.30 provides: "(a) The presiding officer may conduct all or part of a hearing by telephone, television, or other electronic means if each participant in the hearing has an opportunity to participate in and to hear the entire proceeding while it is taking place and to observe exhibits. [¶] (b) The presiding officer may not conduct all or part of a hearing by telephone, television, or other electronic means if a party objects."

[3] Sections 115.01 through 115.10 are made applicable to Vehicle Code sections 14100 through 14112 by section 115.01.

Instead, the parties focus their dispute on the meaning and application of section 115.07, the regulation which expressly addresses the issue of telephonic testimony at an APS hearing:

"(b) The hearing officer shall not conduct all or part of a hearing by telephone, television, or other electronic means, if a party objects.

"(c) Any objection to conducting all or part of a hearing by telephone, television, or other electronic means must be made at the time the hearing is requested or scheduled."

Respondents contend the regulation prohibiting a telephone hearing is absolute if there is an objection. The DMV responds that the Director of Motor Vehicles has the power to enforce or not to enforce regulations governing activities of the department.

Subdivision (a) of section 1651 provides: "The director may adopt and enforce rules and regulations as may be necessary to carry out the provisions of this code relating to the department." (§ 1651 subd. (a); *Yeoman v. Department of Motor Vehicles* (1969) 273 Cal.App.2d 71, 79.) The DMV argues this language gives the Director the discretion not to enforce its regulations if necessary to carry out the goal of holding efficient and speedy license suspension hearings in the enforcement of the administrative per se laws and public safety. (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 847, citing *Bell v. Department of Motor Vehicles* (1992) 11 Cal.App.4th 304, 312.) The DMV extrapolates that, when suspending the license of a suspected drunk driver, the Director can decide whether or not to allow telephonic testimony in spite of the regulation.

13

These cases, however, do not involve the exercise of discretion by the Director not to enforce a regulation. There is no evidence in the record that the Director has adopted a policy against the enforcement of section 115.07. The Director did not decide, based on necessity, not to carry out the provisions of the code, or the related regulations, of the DMV. Instead, two individual hearing officers decided on an ad hoc basis to allow telephonic testimony over respondents' objections based on the limited availability of the two witnesses. For that reason, section 1651 does not seem applicable here.

Nevertheless, we acknowledge the authority, as cited by the DMV, holding that section 115.07 is not mandatory: "When a statute does not provide any consequence for noncompliance, the language should be considered directory rather than mandatory. [Citations.] The directory and mandatory designations do not refer to whether a particular statutory requirement is permissive or obligatory, but simply denote whether the failure to comply with a particular procedural step will invalidate the governmental action to which the procedural requirement relates. [Citation.]" (*In re C. T.* (2002) 100 Cal.App.4th 101, 111; *California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 257; *City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 923; *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1145; *Spitze v. Zolin* (1996) 48 Cal.App.4th 1920, 1927-1928.) If something is deemed directory, then noncompliance will not invalidate the action. (*People v. Superior Court* (*Small*) (2008) 159 Cal.App.4th 301, 308.)

14

Furthermore, this court may consider the impact of an adverse interpretation of section 115.07 on public policy, for "'[w]here uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation.'" (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663, quoting *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) Typically, a requirement is deemed directory when it is designed to make proceedings orderly, systematic, and speedy and when the failure to comply does not injure the interested party. (*Skelly Estate Co. v. City and County of San Francisco* (1937) 9 Cal.2d 28, 33; *Francis v. Superior Court of Los Angeles County* (1935) 3 Cal.2d 19, 28.)

Applying these principles, we conclude that the hearing officers' failure to follow section 115.07 did not warrant reversal of their decisions to suspend the respondents' driver's licenses. Section 115.07 may be interpreted as directive, not mandatory, and the public policy considerations identified by the hearing officers provided sound reasons for not requiring the personal appearances of the laboratory analyst and the deputy sheriff. In these circumstances, practicality and common sense justify departing from a regulation based on a scarcity of resources. Furthermore—and possibly most compelling—error does not warrant reversal where there is no identifiable prejudice to the respondents.

The case *C & C Partners, Ltd. v. Department of Industrial Relations, supra,* 70 Cal.App.4th at page 6120—cited by the DMV in the Gardella hearing—held that telephonic testimony over objection is not prejudicial and therefore not an abuse of discretion. Administrative hearings are not necessarily infirm because of telephonic

15

testimony.  The *C & C* court described such hearings as "'a pragmatic solution, made possible by modern technology, which attempts to reconcile the problem of geographically separated adversaries with the core elements of a fair adversary hearing: the opportunity to cross-examine adverse witnesses and to rebut or explain unfavorable evidence.'"  (*Ibid.*, citing *Slattery v. Unemployment Ins. Appeals Bd.* (1976) 60 Cal.App.3d 245, 251.)  In *James v. City of Coronado* (2003) 106 Cal.App.4th 905, 911-913, the court held that due process rights to cross-examine and confront witnesses do not attach to every administrative hearing.  To satisfy due process "'a formal hearing, with full rights of confrontation and cross-examination is not necessarily required.'"  (*Id.*, citing *Saleeby v. State Bar* (1985) 39 Cal.3d 547, 565.)

Gardella and Vanhouten bore the burden to prove more than that they "lost" the APS hearings.  The law demands that they establish that they did not receive a meaningful opportunity to be heard in a meaningful manner.  (See *Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 817, citing *Campbell v. Board of Dental Examiners* (1971) 17 Cal.App.3d 872.)  Respondents contend they were denied a meaningful hearing because the hearing officer could not "observe the witness, look the witness in the eye, notice nervous reactions or fidgeting and determine credibility based on all observations."  Respondents also protest that the witnesses could testify by reading their reports rather than testifying based on their independent recollection.

Neither Gardella nor Vanhouten challenged the witnesses' credibility so there was no basis on which to claim error by the hearing officer.  While Vanhouten's counsel did

16

choose to cross-examine Deputy Clark at the APS hearing, he still based his allegations of prejudice on lack of a meaningful opportunity to cross-examine the officer in person without explaining what cross-examination would accomplish. Thus, the taking of telephonic testimony was a harmless error because Gardella and Vanhouten were afforded the opportunity for a meaningful hearing.

Additionally, Analyst Saunchez's testimony by telephone did not impair Gardella's ability to rebut the chemical test result in the laboratory report—a report that was already admissible under Evidence Code section 1280 under the public employee records exception to the hearsay rule. The report was sufficient in itself to support the DMV hearing officer's finding that Gardella was driving a motor vehicle with a BAC in excess of 0.08 percent. (*Molenda v. Department of Motor Vehicles, supra,* 172 Cal.App.4th at pp. 987-988.)

The record on appeal does not offer any evidence establishing why the two witnesses had to appear in person or how their telephonic appearances caused prejudice to respondents. Therefore, any mistake in admitting telephonic testimony apparently did not affect Gardella and Vanhouten's constitutional right to a meaningful DMV hearing. (Cal. Const., article VI, § 13, *Leal v. Gourley* (2002) 100 Cal.App.4th 963, 969; *Reimel v. House* (1969) 268 Cal.App.2d 780, 787-787.)

IV

DISPOSITION

It was harmless error for the DMV hearing officers to admit telephonic testimony over objection.  We reverse the judgment and order the trial court to deny the writ petitions.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RICHLI
Acting P. J.

MILLER
J.

18