147 N.J. Super. 304 (1977)
371 A.2d 302
IRIS AYALA, BY HER GUARDIAN AD LITEM, MARIA AYALA, MARIA AYALA INDIVIDUALLY, AND CARMELO AYALA, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
JOHN (FIRST NAME BEING FICTITIOUS) LINCOLN, INDIVIDUALLY AND T/A LINK'S INC. AND/OR LINK'S AUTO PLATE & WINDOW GLASS; PERTH AMBOY HOUSING AUTHORITY; ALFRED B. EPSTEIN; TOWNE TAXI AND YELLOW CAB, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 1977.
Decided February 11, 1977.
*306 Before Judges FRITZ, ARD and PRESSLER.
Messrs. Kleimer, Juman and Juman, attorneys for appellants (Mr. Sanford F. Juman, on the brief).
Messrs. Kirkpatrick & Rathman, attorneys for respondents Alfred B. Epstein and Towne Taxi (Mr. John G. Rathman, on the brief).
PER CURIAM.
In this negligence action, tried to a jury, a verdict in favor of defendant was returned.[1] The only ground urged by plaintiffs on their appeal is that the trial judge erred in admitting into evidence, over plaintiffs' objection, testimony of a "telephone representative" of defendant's insurer with respect to a telephone conference with defendant, the insured, who had died before trial. In that telephone conference, initiated by the witness more than 13 months after the accident, defendant is alleged to have described what occurred on the date of the accident. On the objection the judge found that the statement was made in good faith and that "[t]he answers [to the telephonic questions], though self-serving, appear to be in the Court's opinion trustworthy from the circumstances surrounding their utterances." Accordingly, he overruled the objection on the basis that the *307 patent hearsay came within the exception of Evid. R. 63(32). We believe this ruling to have been erroneous.
Justification under the rule for admission of the hearsay is predicated upon four postulates: (1) that the declarant is dead, (2) that his statement was in good faith, (3) upon personal knowledge, and (4) that there is a probability from the circumstances that the statement is trustworthy. We believe, contrary to the determination below, that at least two of these conditions are not here present.
First we perceive no basis at all in the record for a finding of good faith. The trial judge ascribed his finding in this regard to the fact that "it was not given in bad faith, not given with intent to deceive, intent to mislead." On the record before us such a conclusion was wholly conjectural. Beyond this, the rule clearly requires a positive finding of good faith. This mandate is not satisfied simply by a finding of the absence of bad faith. The middle ground does not satisfy the rule nor justify an exception to the exclusion of testimony the reliability of which has always been thought too doubtful to admit into evidence.
Additionally, the according by the trial judge of a "prima facie inference, at least, of the genuineness of the response" without respect, we note, to the "truthfulness of the statement concerned," seems also to be based on conjecture and not particularly on record evidence. We do not approve any unsupported "prima facie" inference of good faith in consideration of exceptions to the rule.
What was here offered was the testimony of an insurance company representative as to a telephonic statement of an insured to his insurance company, at the latter's behest and responsive to its inquiries, more than a year following the occurrence of an accident in which the insured's culpability is or may be suspect. We see no reason at all to accord this a peculiar trustworthiness. As we observed in Jastremski v. General Motors Corp., 109 N.J. Super. 31 (App. Div. 1970) (clearly distinguishable from the present case on its facts which involve a statement by a declarant to *308 his brother-in-law 22 hours after the accident), "the breadth of the rule [Evid. R. 63(32)] is such that it is susceptible of abuse if it is carelessly administered by the trial judge." (At 38.) We do not suggest carelessness in the trial judge here. Indeed, he gave the matter serious and thoughtful consideration. We are persuaded, nonetheless, that the requirement of probability of trustworthiness cannot be satisfied solely by the fact that the questions by the witness eliciting the declarant's responses were not leading questions. No other reason was given below for the assessment of the trial judge that the "answers, though self-serving, appear to be * * * trustworthy." We think, in the circumstances here, that is not enough.
Nor was the error harmless. The declarant's reported statements inescapably had a capacity to effect the result.
We reverse and remand for a new trial.
NOTES
[1] For reasons not here relevant and unchallenged, the matter went to the jury only as against defendant Epstein.