JORGE RAMOS, PLAINTIFF–APPELLANT, v. COMMUNITY COACH, DEFENDANT–RESPONDENT, AND ABC CORP. (A FICTITIOUS NAME), DEF CORP. (A FICTITIOUS NAME) AND JOHN DOE I (A FICTITIOUS NAME), DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted November 2, 1988—Decided January 3, 1989.

Before Judges KING, BRODY and ASHBEY.

*Weiseman & Mella,* attorneys for appellant (*James A. Mella,* on the brief).

*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys for respondent (*Joseph DeDonato,* on the letter brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Plaintiff appeals from an order granting defendant Community Coach (defendant) summary judgment in this personal injury negligence action.[1] Plaintiff died, of causes unrelated to the claim asserted in this action, after he had furnished certified answers to interrogatories in which he stated how the accident had occurred. Other than plaintiff, there are no known witnesses to the accident. The issue on the motion for summary judgment was whether plaintiff could establish a prima facie case at trial based solely on three statements he made describing how the accident had occurred. The trial judge ruled that two of the statements, one being interrogatory answers, were inadmissible and that the third was not relevant to whether defendant had been negligent. We reverse and remand for a reconsideration of the admissibility of the interrogatory answers.

---

[1] There are two procedural irregularities in this matter. Jorge Ramos, the titular plaintiff, died about a year after he had commenced this action. The Essex County Surrogate issued Letters of Administration Ad Prosequendum to his widow, Evangelina Ramos. The administratrix never moved to be substituted as plaintiff pursuant to *R.* 4:34–1(b). We will adopt the parties' practice of referring to Jorge Ramos as plaintiff even though he is dead. Before further proceedings are taken pursuant to our remand, the administratrix shall move to be substituted as plaintiff.

Community Coach is one of four defendants named in the complaint. The other three bear fictitious names. We assume they have not been served. If the claims against those defendants are still unresolved, we hereby grant plaintiff leave to appeal *nunc pro tunc. R.* 2:4–4(b)(2).

The trial judge first considered the interrogatory answers. In one answer plaintiff described how the accident had occurred:

On August 20, 1985, between 12:30 and 1:30 a.m., I was getting off of the Community Coach bus on Main Street, Orange, New Jersey near the Orange Diner between Mannor Terrace and Jefferson Street. There were no lights on at the time, and I could not see the steps, which caused me to miss a step and tumble down. I attempted to break my fall with my left hand, which caused my injuries.

Among the negligent acts plaintiff attributed to defendant in the other interrogatory answer is

failure to provide adequate lighting while entering and/or exiting the vehicle; . . .

The judge next considered a statement that purports to be plaintiff's oral account of the accident, recorded in writing by his attorney during an interview two days after the accident allegedly had occurred:

While getting off the bus on Main Street (by a Orange Diner) couldn't see the steps (there was either no lights on them or they were very dim); he missed a step and tumbled down. Back struck the steps—Used left hand to break his fall. (Left foot missed the step)

The third statement appears in the report of the hospital where plaintiff received emergency treatment. It describes plaintiff's "complaint" as "Twisted his left wrist getting off a bus about ½ hour ago."

Although hearsay, each of the statements would be admissible under the Rules of Evidence if it qualified under *Evid.R.* 63(32), an exception to the hearsay rule. The exception provides:

Subject to Rule 64 [requiring fair notice to an adversary], in a civil proceeding, a statement made by a person unavailable as a witness because of his death is admissible if the statement was made in good faith, upon the personal knowledge of the declarant, and there is a probability from tne circumstances that the statement is trustworthy.

The trial judge did not consider the good faith/probable trustworthiness of plaintiff's interrogatory answers because he held that, regardless of their admissibility under the Rules of Evidence, they were rendered inadmissible by the Rules of Court.

■ The use at trial of answers to interrogatories is governed by *R.* 4:17–8(a), which provides in pertinent part: "Answers to interrogatories may be used to the same extent as provided by *R.* 4:16–1(a) and *R.* 4:16–1(b) for the use of the deposition of a party." Rules 4:16–1(a) and (b) provide:

(a) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or *for any other purpose permitted by the Rules of Evidence.* [Emphasis added.]

(b) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing or authorized agent, or a person designated under R. 4:14–2(c) or R. 4:15–1 to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party, may be used by an adverse party for any purpose against the deponent or the corporation, partnership, association or agency.

Rule 4:16–1(a) by its reference to the Rules of Evidence renders admissible an interrogatory answer if it is relevant and satisfies the criteria of *Evid.R.* 63(32).

■ The trial judge nevertheless determined that *R.* 4:16–1(a) does not apply to interrogatory answers of a party who died before trial. Rule 4:17–8(a), which provides for the use of interrogatories by applying the provisions of *R.* 4:16–1(a) and (b) to interrogatories, does not apply the provisions of *R.* 4:16–1(c) to interrogatories. The latter rule reads:

(c) Except as otherwise provided by R. 4:14–9(e), the deposition of a witness, whether or not a party, may be used by any party for any purpose, against any other party who was present or represented at the taking of the deposition or who had reasonable notice thereof if the court finds that the appearance of the witness cannot be obtained because he is dead or is unable to attend or testify because of age, illness, infirmity or imprisonment, or is out of this state or because the party offering the deposition has been unable in the exercise of reasonable diligence to procure his attendance by subpoena, provided, however, that the absence of the witness was not procured or caused by the offering party. The deposition of an absent but not unavailable witness may also be so used if, upon application and notice, the court finds that such exceptional circumstances exist as to make such use desirable in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court.

The trial judge assumed that *R.* 4:16–1(c), which governs the use of depositions of dead witnesses, provides the only means by which such depositions may be admitted into evidence. Based on that assumption, he held that the failure of *R.*

4:17–8(a) to apply to interrogatory answers the provisions of *R.* 4:16–1(c) rendered inadmissible the interrogatory answers of a dead party even if they are otherwise admissible under *R.* 4:16–1(a) and the Rules of Evidence. We disagree.

It is unlikely that the Supreme Court has the authority to render inadmissible under its rule-making power evidence that would be admissible under the Rules of Evidence. *See State v. D.R.,* 109 *N.J.* 348, 371–377 (1988). Besides, *R.* 4:16–1(c) is not the only means for admitting into evidence the deposition of a dead witness. *Evid.R.* 63(32) renders admissible the statement of a declarant who has since died if it was made in good faith and "there is a probability from the circumstances that the statement is trustworthy." Rule 4:16–1(c) provides in effect that the evidence rule's criteria for admissibility are established if the statement is a deposition offered as evidence against a party who had an opportunity to cross-examine the witness when his deposition was taken.

Although the court rule establishes the opportunity to cross-examine a deponent as a circumstance that warrants admissibility of the deposition under the evidence rule, the court rule does not establish the opportunity to cross-examine as the only circumstance under which a trial judge may find that a deposition or interrogatory answer is admissible under the evidence rule. Indeed in the usual case a statement admitted under the evidence rule is neither under oath nor subject to cross-examination. *See e.g. Jastremski v. General Motors Corp.,* 109 *N.J.Super.* 31 (App.Div.1970), where, in affirming the admission of an unsworn oral statement by a deceased as to how he was injured in an accident, we said:

> The admissibility of a statement under [*Evid.R.* 63(32) ] does not depend upon whether the proponent party could have deposed or perpetuated the testimony of the declarant during his lifetime. [*Id.* at 38.]

■ Rule 4:17–8(a) does not apply the provisions of *R.* 4:16–1(c) to interrogatories simply because the reference in those provisions to cross-examination of a deponent cannot be made applicable to interrogatory answers. The more fundamental

point, however, is that even though an interrogatory answer or a party's deposition may sometimes be suspect, such statements are admissible under *Evid.R.* 63(32) if the trial judge finds that they were made in good faith and concludes from the circumstances that they are probably trustworthy. The fact that the party against whom a deposition will be used did not have the opportunity to cross-examine the deponent, keeps the deposition from being admitted under *R.* 4:16–1(c), but not from being admitted under *Evid.R.* 63(32). Once a statement made in discovery proceedings is admitted, the trier of fact, knowing the circumstances of its making, will be the final judge of its worth.

The trial judge determined that plaintiff's statement to his attorney, given two days after the accident, was probably untrustworthy and therefore not admissible under *Evid.R.* 63(32). He relied on *Ayala v. Lincoln,* 147 *N.J.Super.* 304 (App.Div.1977), where we reversed an order admitting into evidence as probably trustworthy "the testimony of an insurance company representative as to a telephonic statement of an insured [defendant] to his insurance company, at the latter's behest and responsive to its inquiries, more than a year following the occurrence of an accident in which the insured's culpability is or may be suspect." *Id.* at 307. Although the statement in *Ayala* was given long after the accident, and the statement here purportedly was given two days after the accident, the circumstances of the two cases are somewhat similar. Moreover, the judge's finding here is sustainable if only because plaintiff submitted no circumstantial evidence of the manner in which the statement was given.

The statement in the hospital report merely noted that plaintiff fell getting off a bus a half hour earlier. Having ruled inadmissible plaintiff's only evidence of negligence, the judge correctly observed that the hospital statement did not by itself provide sufficient evidence to avoid entry of a summary judgment.

The trial judge considered each statement separately. On remand to determine whether plaintiff's interrogatory answers are admissible, the judge should consider all the statements as a part of the totality of circumstances that may enhance or detract from the trustworthiness of the interrogatory answers.

Reversed and remanded for further proceedings consistent with this opinion.