185 N.J. Super. 50 (1982)
447 A.2d 207
EARL BECKWITH ET AL., PLAINTIFFS,
v.
BETHLEHEM STEEL CORP. ET AL., DEFENDANTS. GEORGE VAN GLAHN ET AL., PLAINTIFFS,
v.
BETHLEHEM STEEL CORP. ET AL., DEFENDANTS. MARGARET NEUNERT, ETC., PLAINTIFF,
v.
WAYNE STEEL CO., INC. ET AL., DEFENDANTS. NICHOLAS ABRUZZI ET AL., PLAINTIFFS,
v.
CANADIAN JOHNS-MANVILLE ASBESTOS LTD. ET AL., DEFENDANTS. PETER W. HOWELL, PLAINTIFF,
v.
OWENS ILLINOIS, INC. ET AL., DEFENDANTS. MARY CRILLEY ET AL., PLAINTIFFS,
v.
JOHNS-MANVILLE CORP. ET AL., DEFENDANTS. FRANK BALCERSKI ET AL., PLAINTIFFS,
v.
CANADIAN JOHNS-MANVILLE ASBESTOS LTD. ET AL., DEFENDANTS. TED KOWALSKI ET AL., PLAINTIFFS,
v.
JOHNS-MANVILLE CORP. ET AL., DEFENDANTS. EDWARD BESHADA, ETC., ET AL., PLAINTIFFS,
v.
JOHNS-MANVILLE PRODUCTS CORP. ET AL., DEFENDANTS. FRANK J. JARUSEWICZ ET AL., PLAINTIFFS,
v.
JOHNS-MANVILLE PRODUCTS CORP. ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Middlesex County.
Decided May 3, 1982.
*54 Bryan D. Garruto for plaintiffs Beckwith, Van Glahn, Neunert, Howell and Abruzzi (Heilbrunn, Finkelstein, Heilbrunn, Garruto & Galex, attorneys).
Ronald B. Grayzel for plaintiff Crilley (Levinson, Conover, Axelrod & Wheaton, attorneys).
Bertram J. Glassner for plaintiff Balcerski (Mandel, Wysoker, Sherman, Glassner & Weingartner, attorneys).
Thomas J. Taylor for plaintiff Kowalski (Parsonnet, Duggan & Pykon, attorneys).
Alan M. Darnell for plaintiffs Beshada and Jarusewicz (Wilentz, Goldman & Spitzer, attorneys).
David J. Novack for defendant Johns-Manville (Budd, Larner, Kent, Gross, Picillo & Rosenbaum, attorneys).
KEEFE, J.S.C.
This motion arising out of pending asbestos litigation raises the issue of whether three unsigned depositions and one sworn statement given in other jurisdictions in connection with litigation pending there is admissible under Evid.R. 63(3) and 63(32). In each instance the testimony was given under oath and recorded by an official shorthand reporter. The witnesses, Dr. Kenneth Smith and Mr. Wilbur Ruff, are unavailable witnesses by reason of their death. Evid.R. 62(6).
Dr. Smith (hereinafter referred to as Smith) was employed by defendant Johns-Manville Corp. from the 1940s until his termination in 1966, during a part of which time he served as the corporate medical director. Mr. Ruff worked for Johns-Manville from 1929 to 1974, becoming Director of Community and Employee Relations at the Manville, New Jersey, plant. Smith was deposed on January 13, 1976 in Pittsburgh, Pennsylvania, in DeRocco v. Forty-Eight Insulation, Inc., then pending in the Court of Common Pleas of Allegheny County, Pennsylvania. Ruff's deposition was taken on April 9, 1976, in St. Petersburg, Florida, in In re General Dynamics Asbestos Cases, then pending *55 in the United States District Court for the District of Connecticut, and on February 6, 1981, in Tampa, Florida, in Krebs v. Johns-Manville, then pending in the United States District Court for the District of Pennsylvania. Ruff's sworn statement was taken on January 11, 1978, in connection with a California medical malpractice case, Browner v. Johns-Manville.
In the instant cases plaintiffs in ten separate cases contend that prior to 1964 defendant Johns-Manville knew asbestos was hazardous to health. Plaintiffs claim that the testimony in question contains highly probative material which supports their position. Relying on Evid.R. 63(3) and 63(32), they contend that the testimony was taken in compliance with New Jersey, Pennsylvania and federal law, as well as for use as testimony at the trial of the actions in which they were obtained. They further urge that Ruff's statement was made in good faith, upon the personal knowledge of the declarant, and under trustworthy circumstances.
Defendant Johns-Manville challenges these claims by asserting that the depositions in DeRocco and General Dynamics were not taken "in compliance with law" since the deponents did not sign the transcripts, as required by the rules of those jurisdictions. Johns-Manville also argues that the depositions were taken for discovery purposes only, and thus the motive to cross-examine thoroughly was not present. Johns-Manville concedes that Ruff's testimony in Krebs was taken in compliance with federal law because there was a waiver of the signing requirement. Fed.R. 30(e). It argues against the admission of that deposition on the grounds that it was taken for discovery purposes, rather than for the use as testimony at trial.
Originally four depositions were in question. However, Smith's deposition in Louisville Trust Co. v. Johns-Manville Products Corp. was conceded, at the time of oral argument, to have been taken in compliance with law for use as testimony at the trial of that action.
*56 The fundamental principle expressed by the evidence rules in question is that hearsay, while not equal in quality to the testimony of a declarant on the witness stand, may be admitted nevertheless if the declarant is unavailable and his statement meets specified standards of reliability and trustworthiness. Where these conditions are met the rules express a preference for admissibility rather than the loss of otherwise probative evidence.
Evid.R. 63(3)(a) provides in pertinent part as follows:
Subject to R. 63 and to the same limitations and objections as though the declarant were testifying in person, and where the declarant is unavailable as a witness, testimony is admissible if (a) it was given by the declarant as a witness in a prior trial of the action or in another action or in a deposition taken in compliance with law for use as testimony in the trial of another action....
Plaintiffs must establish that the former testimony was taken "in compliance with law." The rule fails to enunciate specifically with which law the taking of the deposition must comply, the law of the forum state or the law of the jurisdiction where the depositions were taken.
Plaintiffs rely on R. 4:14-5 as authority for their claim that the depositions need not be signed by the deponent to be in compliance with law. That rule, in part provides: "If the officer at the taking of the deposition is a certified shorthand reporter, the witness shall not sign the deposition...." In 1969 New Jersey eliminated the reading and signing requirements since the procedure was considered "time consuming and served no essential purpose." Pressler, Current N.J. Court Rules, Comment R. 4:14-5 (1982).
In support of this motion plaintiffs have submitted the affidavits of attorneys and certified court reporters who were directly involved in taking the testimony in the original cases. R. 1:6-6 governs the use of such affidavits. It provides that the affidavits must be made on "personal knowledge setting forth facts which are admissible in evidence to which the affiant is competent to testify." The affidavits may not be based merely upon "information and belief" or other objectionable hearsay or *57 they shall be disregarded. Patrolman's Benevolent Ass'n v. Montclair, 70 N.J. 130, 134 (1976); Smithey v. Johnson Motor Lines, 140 N.J. Super. 202, 207 (App.Div. 1976). Having reviewed the affidavits, the court is satisfied that they comply with the requirements of R. 1:6-6. The affidavits of the reporter in DeRocco and General Dynamics attest to the following facts concerning the circumstances surrounding the taking of the depositions: the reporters were duly authorized to administer oaths, the deponents were sworn; the proceeding was fully and accurately recorded and the depositions were examined and corrected, although not signed, by the deponents.
The reliability of testimony under oath is well recognized. State v. Wilson, 57 N.J. 39 (1970). In his treatise on Evidence, McCormick states:
The oath may be important in two respects. As a ceremonial and religious symbol it may induce in the witness a feeling of special obligation to speak the truth, also it may impress upon the witness the danger of criminal punishment for perjury, to which the judicial oath or an equivalent solemn affirmation would be a requisite condition. [§ 245 at 582 (1976)]
Therefore, the administration of the oath to Smith and Ruff is a critical factor in assuring the court that the prior testimony is trustworthy.
Admittedly, a deponent's signature on the transcript is an indicium of reliability. However, even in those jurisdictions which require signing, the condition is a flexible one. While Pa.R.Civ.P. 4017(c) and Fed.R.Civ.P. 30(e) require that a deposition be signed, both rules set forth substantially identical provisions for compliance in the absence of deponent's signature.
If the deposition is not signed by the witness within 30 days of its submission to him, the officer (the person before whom the deposition was taken) shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefore; and the deposition may then be used as fully as though signed.... [Fed.R.Civ.P. 30(e)]
Cases decided under the federal rule liberally interpret it. The rationale underlying this policy was enunciated in Inland Bonding Co. v. Mainland Nat'l Bank of Pleasantville, 3 F.R.D. 438 (D.N.J. 1944). There signature had been waived, but the *58 witness died before being cross-examined. The deposition was admitted because "the rules concerning the admissibility of evidence are designed to obtain as much of the truth as possible." Further, Judge Forman recognized that the trial court must be given much discretion in this respect. In Paul v. American Surety Co. of N.Y., 18 F.R.D. 68, 70 (S.D.Texas 1944), the court admitted the unsigned deposition of a deceased witness and noted that "the rule which favors admissibility should be applied in doubtful cases"
In deciding a motion concerning the admissibility of former testimony the court must consider several factors: the relevance and importance of the testimony, the degree to which the evidence is impaired by the witness's failure to review, correct and sign the deposition and the prejudice that might result. Bernstein v. Brenner, 51 F.R.D. 9, 13 (D.D.C. 1970). Although the deposition in Bernstein had not been signed, reviewed or corrected, these facts did not preclude its admissibility. In applying the Bernstein standards to the case at bar, the court notes that Smith reviewed his deposition transcript and returned a signed list of changes to the certified court reporter. Ruff's depositions had been reviewed and corrected although not signed. The impairment caused by the witnesses' failure to sign is minimal in comparison to the loss to plaintiffs who are unable to replace such highly probative evidence caused by the witnesses' death.
While the court believes that the depositions were taken in compliance with federal and Pennsylvania rules, those rules do not provide the primary basis for such a decision. Consideration of efficiency and convenience requires that the law of the forum determine the admissibility of evidence in such matters as exceptions to the hearsay rule and best evidence rule. Restatement, Conflict of Laws 2d § 138, Comment (1971).
New Jersey courts have recognized the following matters as procedural: the mechanics involved in taking a videotape deposition, Blumberg v. Dornbusche, 139 N.J. Super. 433, 439 *59 (App.Div. 1976); the admissibility of plaintiff's deposition taken in Kentucky, Daly v. Daly, 39 N.J. Super. 117 (J. & D.R.Ct. 1956), aff'd 21 N.J. 599 (1956); the permissibility of using a foreign deposition at trial, M.V.F., 95 N.J. Super. 165 (J. & D.R.Ct. 1967). Before admitting the deposition, the court required that it be taken in compliance with a New Jersey rule of court providing for sufficient notice and opportunity to cross-examine at the out-of-state deposition. Kappish v. Lotsey, 76 N.J. Super. 215 (Law Div. 1962) concerned the question whether third-party defendants were defendants and if so could territorial jurisdiction of district courts be extended to them. The rule governing third-party practice was found to be a court rule, adopted only to provide notice to the plaintiff. Thus, the court held the rule to be "procedural and not substantive in nature." In view of the foregoing cases, the court is satisfied that the signing of a deposition must be regarded as procedural rather than substantive in nature.
It is well settled that New Jersey adheres to the rule that matters of procedure are controlled by the law of the forum. Restatement, Conflict of Laws, 2d § 142 (1971). In Marshall v. George M. Brewster & Sons, Inc., 37 N.J. 176, 180 (1962) the court held that the forum state has compelling reasons for applying its own rules to matters of procedure. Considerations of convenience and practicability were paramount in that the local bench and bar could not fairly be expected to familiarize itself with the procedural diversities of various jurisdictions. The same reasoning is found in Heavner v. Uniroyal, Inc., 63 N.J. 130, 136 (1973), where the court observed that it would be an impossible task for a court to conform to the procedural methods and diversities of the state whose substantive law is to be applied.
In cases where a choice of law issue exists, New Jersey courts have also given strong consideration to the governmental interest approach. Under such approach, the court first determines governmental policies evidenced by laws of each related *60 jurisdiction and determines which state has the paramount interest in having its law applied, and secondly, reviews the contacts of the parties with each related jurisdiction. Mellk v. Sarahson, 49 N.J. 226 (1967); Wuerffel v. Westinghouse Corp., 148 N.J. Super. 327 (Law Div. 1977); Heavner v. Uniroyal, Inc., supra. New Jersey has the dominant interest in having its law apply to the instant matter. The tort was allegedly committed in New Jersey and all of the parties reside in this State.
Since it is clear that New Jersey adheres to the view that there is no adequate justification for retaining the signing provision, R. 4:14-5, the depositions in question were taken in "compliance with law." Evid.R. 63(3)(a).
The court turns to a consideration of the second requirement of Evid.R. 63(3)(a) which provides that the deposition may be admissible if it was given by the declarant "for use as testimony in a trial of another action." Plaintiffs cite Pa.R. Civ.P. 4020(a)(3)(b) in DeRocco, and Fed.R.Civ.P. 32(a)(3), (b) Krebs and General Dynamics, as evidence that these depositions were taken for use as testimony at trial. Fed.R.Civ.P. 32(a)(3), (b) and Pa.R.Civ.P. 4020(a)(3)(b) set forth identical provisions for the use of deposition testimony:
The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds; ... (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the U.S., unless it appears that the absence of the witness procurred by the party offering the deposition....
The broad language of the rules "used by any party for any purpose" clearly expresses the intent that the deposition may be offered for use as testimony at trial. In Hartman v. U.S., 538 F.2d 1336 (8th Cir.1976), the court reasoned that when a deponent is at a greater distance than 100 miles from the place of trial, the attorneys are put on notice that the deposition may be used in lieu of testimony at trial.
The depositions of Ruff meet the requirements of Fed.R. Civ.P. 32(a)(3), (b). In Krebs and General Dynamics the depositions were taken in Florida when Ruff was a Florida resident. *61 However, the trials were to be held in Pennsylvania and Connecticut. Similarly, the deposition of Smith in DeRocco was taken pursuant to Pa.R.Civ.P. 4020(a)(3)(b) and fulfilled the requirement of that rule. At the time the deposition was taken, Smith was a resident of Canada. The trial, however, was to be held in Pennsylvania.
The record before this court consists of several relevant exhibits on this issue. In DeRocco the notice of deposition was signed by counsel for the plaintiffs and states that the deposition of Smith was taken for the "purpose of discovery and for use at trial pursuant to the Pa.R.Civ.P." Similarly, in General Dynamics the certification of plaintiffs' attorney states that the deposition was taken for the "purpose of discovery and for use at trial in accordance with Fed.R.Civ.P. 32." Further, the affiant attests that counsel for defendant Johns-Manville was present at the deposition and that all attorneys had an opportunity to cross-examine Ruff. The fact that defendant's attorney chose not to conduct cross-examination is not dispositive of this issue. In Krebs, although plaintiffs' attorney by way of certification says that this deposition was noticed specifically for the purpose of discovery, he also states that counsel for defendant was present and had an opportunity to cross-examine the deponent. So long as there was an opportunity for cross-examination the rationale underlying the requirement of Evid.R. 63(3)(a) that the deposition be taken for "use as testimony in the trial of another action" is satisfied.
The court believes that the intent of counsel to use the witnesses' testimony at the time of trial was obvious to all parties. Neither deponent was a resident of Pennsylvania or Connecticut, the locales of the original trials, and thus, were not subject to the subpoena power of those states. Furthermore, in DeRocco Smith's testimony was taken only one day prior to the start of trial.
While this court finds that the depositions were "taken in compliance with law for use as testimony in the trial of another *62 action," this decision is limited to the admissibility of the prior testimony under Evid.R. 63(3)(a). The defendant is not foreclosed from raising further objections to the introduction of the Smith and Ruff depositions under the other provisions of Evid.R. 63 at the time of trial. For example, in its brief defendant has raised the argument that it did not have the opportunity for cross-examination with a similar interest and motive in the former actions as exists in the cases at bar. The court believes that it is appropriate to decide such issues on a case-by-case basis at the time the deposition is offered in each case.
The next question before the court is whether the sworn statement of Ruff is admissible under Evid.R. 63(32). Plaintiffs urge that the statement taken in California in connection with a medical malpractice action against a Johns-Manville physician falls within the parameters of this hearsay exception. Johns-Manville's attorney was a party to a stipulation which stated that "it is agreed that such a statement will be admissible in all pending litigation in which your client and mine are parties in the same manner as would a deposition obtained pursuant to the California Rules of Discovery...." It is worthwhile to reiterate that this statement was taken under oath by a certified court reporter. Additionally, the statement was the subject of interrogation during the Ruff deposition in Krebs.
Defendant objects to the admission of the Ruff statement under Evid.R. 63(32), contending that the rule is limited to "res gestae" or "state of mind"; that only Evid.R. 63(3) applies to former testimony taken in prior litigation, and that Evid.R. 63(32) does not eliminate the requirement of the opportunity for cross-examination.
Evid.R. 63(32) reads as follows:
Subject to Rule 64, in a civil proceeding, a statement made by a person unavailable as a witness because of his death is admissible if the statement was made in good faith, upon the personal knowledge of the declarant, and there is a probability from the circumstances that the statement is trustworthy.
*63 The rule clearly requires a positive finding of good faith by the trial court. Ayala v. Lincoln, 147 N.J. Super. 304, 307 (App. Div. 1977). However, an absolute standard of trustworthiness is not essential before evidence is admissible under the rule. The court need find only a probability that the statement is trustworthy from the flavor of the surrounding circumstances. Jastremski v. General Motors Corp., 109 N.J. Super. 31, 37 (App.Div. 1970). The determination is a subjective one. New Jersey courts' present-day attitude regarding the admission of hearsay statements made by deceased persons was forecast in the strong dissent in Robertson v. Hackensack Trust Co., 1 N.J. 304 (1949). In that case the court declined to admit a statement by a decedent which did not fit into one of the recognized exceptions to the hearsay rule. Chief Justice Vanderbilt, quoting Wigmore, voiced his objection to this outmoded view:
The needless obstruction to investigation of the truth caused by the hearsay rule is due mainly to the inflexibility of its exceptions, to the rigidly technical construction of those exceptions by the courts, and to the enforcement of the rule when its contravention would do no harm, but would assist in obtaining a complete understanding of the transaction.
The next and needed step in the liberalization of the rule is the adoption of the general exception for all statements of deceased persons leaving the application of the rule to the trial court. [5 Wigmore, Evidence (3 ed. 1940), at 1427]
Cases addressing the applicability of Evid.R. 63(32) demonstrate that there is no justification in denying its benefits to a trustworthy statement which meets the subjective criteria of the rule, even though it was not recorded or given under oath. Further, the case law, as well as the comment to the rule defeats defendant's contention that its application is limited to "res gestae" or "state of mind" statements. In Jastremski, supra at 39, the court found no error in the admission of a statement made by decedent to his brother-in-law regarding the defect in the automobile which caused the collision and, subsequently, his death. The statement was made by decedent at the hospital 22 hours after the accident. The court subjectively concluded that the criteria of Evid.R. 63(32) had been satisfied and that there was "a complete atmosphere of reliability." However, the court *64 observed that it did not judge the credibility of the statement, leaving that for the jury's determination. Similarly, in Woll v. Dugas, 104 N.J. Super. 586 (Ch.Div. 1969), aff'd 112 N.J. Super. 336 (App.Div. 1970), an explanation by the testator to one of his sons explaining apparent disinheritance under mutual reciprocal wills between testator and his wife met the probability of trustworthiness requirement and was admitted. In In re Cory Estate, 98 N.J. Super. 208 (Ch.Div. 1967), the court found the letters of a testator referring to an adopted grandchild as one of his grandchildren were admissible to prove that he intended the adopted child to share in his estate. The court noted that since Evid.R. 63(32) had been adopted, the letters were admissible under that rule and no longer had to be made to fit either the "res gestae" or "state of mind" exclusionary rule. Likewise, statements of a decedent concerning his physical symptoms after overtime workdays were admissible during his widow's testimony in a case concerning her eligibility for a pension. The court found that decedent's statements could be regarded as having been made in good faith and upon his personal knowledge. Murphy v. Pensions Div., 117 N.J. Super. 206 (App.Div. 1971).
In support of its position that the sworn statement of Ruff is not admissible under Evid.R. 63(32), defendant's reliance on Ayala v. Lincoln, supra, is misplaced. The totality of the situation in the instant matter is significantly different from that in Ayala. There, admissibility of decedent's telephone statement to his insurance company representative describing how the motor vehicle accident occurred was sought. The telephone conference was initiated by the witness more than 13 months after the accident concerning which the insured's culpability was brought into question. The court felt that the statement was suspect because decedent as well as the insurance carrier was trying to absolve himself of responsibility for the accident. It perceived no basis in the record for a finding of good faith and further observed that the mandate of the rule is not satisfied simply by a finding of the absence of bad faith.
*65 Here, the Ruff statement was not solicited by counsel for any plaintiff in any asbestos case. His statement, unlike any of the foregoing cases, has stronger indicia of trustworthiness and authenticity because of the presence of the oath and because it was recorded by a certified shorthand reporter in a formal deposition atmosphere. The stipulation by Johns-Manville's attorney to the effect that the statement would be admissible at trial assures the court of its reliability from the point of view of Johns-Manville. Defendant's contention that Ruff may have inculpated Johns-Manville to help his friend, relates to the weight the evidence is to be given by a jury, not to its admissibility. Clearly, the guiding principle in such matters is to provide the jury with relevant evidence with a view to achieving substantial justice. The sworn statement is clearly admissible under the criteria of Evid.R. 63(32). Objections as to relevancy and the like may be presented by defendant at trial.
Plaintiffs' motion is hereby granted with the limitations as previously noted.