JEFFREY STARCH, PLAINTIFF, v. JOSEPH ZOHN, INC., ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Essex County

Decided October 11, 1985.

*Marc Lesser* for plaintiff (*Kronisch, Schkeeper & Miltz,* attorneys).

*John G. Tinker, Jr.* for defendants (*W. Stephen Leary,* attorney).

YANOFF, J.S.C. (temporarily assigned) (Retired, on Recall).

Involved here is an interpretation of *Evid.R.* 63(3)(a)(ii), reading, with appropriate deletions:

> Subject to Rule 64 and to the same limitations and objections as though the declarant were testifying in person, and where the declarant is unavailable as a witness, testimony is admissible if ... in a civil case, or only when offered by the defendant in a criminal case, the issue is such that the adverse party on the former occasion had the right and opportunity for cross-examination with an interest and motive similar to that which the adverse party has in the action in which the testimony is offered....

The issue was raised in *Beckwith v. Bethlehem Steel,* 185 *N.J.Super.* 50 (Law Div.1982), but not decided. *Id.* at 62. It arose in the case at bar on defendants' objection to a proffer of evidence by plaintiff. The objection was sustained. After a verdict in favor of defendants, a motion for new trial by plaintiff was denied. Since there is no New Jersey case precisely on point, and little authority elsewhere, this expansion of an oral opinion is made.

The case at bar is a suit by Starch against Zohn, an insurance broker, alleging that Zohn had failed to properly perform his duty as an insurance broker by not advising him of the possibility of obtaining supplementary uninsured motorist coverage.

The issue arose as the result of an accident in Florida. The facts in the Florida case were that Starch was following an automobile operated by Luthe. An automobile operated by Cash was proceeding on the same road in a direction opposite to the Luthe automobile. The road was narrow. Starch was either in the process of overtaking the Luthe vehicle, or had actually overtaken it, when his motorcycle came in contact with the Cash vehicle, concededly, to some degree, on the wrong side (from the Starch point of view) of the highway.

Starch settled with Cash in Florida for the sum of $10,000, Cash's policy limit.

In order to determine whether Starch would have obtained a judgment in excess of $10,000 in Florida, the case before me was tried, except for Starch's testimony, entirely upon deposition testimony, as a "trial within a trial." *Lieberman v. Employers Insurance Co. of Wausau,* 84 *N.J.* 325, 338 (1980); *Hoppe v. Ranzini,* 158 *N.J.Super.* 158, 170–171 (App.Div.1978); *Fuschetti v. Bierman,* 128 *N.J.Super.* 290, 295 (Law Div.1974).

The depositions of witnesses whose depositions had been taken in this cause were admitted in evidence. However, plaintiff's attorney offered in evidence the depositions taken of Cash in the Florida cause. My perusal of the depositions showed that Cash's testimony had been taken by the plaintiff in Florida for discovery purposes. There was no cross examination by the attorney for Cash. The depositions read as do almost all depositions taken for discovery purposes, where the normal tactic of counsel whose client is being deposed is to refrain from cross examination because cross examination would expose aspects of his client's case. I sustained the objection at trial and denied the motion for new trial because Cash's attorney in Florida did not have "an interest and motive similar to that which" counsel for Zohn had in the case at bar. The depositions taken in Florida solely for discovery afforded no reason for Cash's attorney to elicit evidence favorable to Cash's position of "no negligence." On the other hand, the interest of Zohn's attorney in the case at bar, had the attorney been present at the deposition, would have been to elicit "no negligence" testimony from Cash.

In *Beckwith,* Judge Keefe had two issues before him: one, whether depositions were admissible at all by reason of the manner in which they were taken. He ruled that they were admissible. However, as to the problem involved here, he said:

While this court finds that the depositions were 'taken in compliance with law for use as testimony in the trial of another action,' this decision is limited to the admissibility of the prior testimony under Evid.R. 63(3)(a). The defendant is not foreclosed from raising further objections to the introduction of the Smith and Ruff depositions under the other provisions of Evid.R. 63 at the time of trial. For example, in its brief defendant has raised the argument that it did

not have the opportunity for cross-examination with a similar interest and motive in the former actions as exists in the cases at bar. The court believes that it is appropriate to decide such issues on a case-by-case basis at the time the deposition is offered in each case. [*Id.* at 61–62].

While there is a paucity of authority on the subject, the language of the cited Evidence Rule seems declaratory of the common law of evidence. Thus, in Burr W. Jones, *The Law of Evidence*, § 18:28, at p. 506, the learned author says:

While this rule has been narrowly construed at times, the prevailing view is that a mere technical dissimilarity of parties and causes of action will not render the deposition inadmissible in a subsequent action. The law does not look to an exact and technical identity of parties and causes of action, but rather to the identity of the question under investigation and to the opportunity of the party against whom it was offered to cross-examine.

This construction of the Rule was applied in *Fullerform Continuous Pipe Corp. v. American Pipe & Const. Co.*, 44 *F.R.D.* 453 (D.C.Ar.1968), an anti-trust case in which plaintiff sought use of depositions of 26 witnesses previously deposed in another anti-trust matter involving the defendants herein. The Court, by comparing the issues of the two lawsuits and the parties involved, allowed the deposition testimony to be used in the second action, saying:

Defendants common to both actions have the same primary interest—disproving the existence of a conspiracy. They would have protected this interest in the No-Joint proceedings, to the benefit of themselves and all others similarly situated herein. [*Id.* at 456.]

Also, in *Rule v. Intern. Ass'n. of Bridge, etc. Workers*, 568 *F.*2d 558 (Ca. 8, 1978), a class action employment discrimination case, the Court of Appeals for the Eighth Circuit found reversible error of the trial court in excluding depositions where there was substantial identity of issues and parties in the two actions concerned. The Court based this determination on the following:

The ultimate issue in both the Government's case and the instant case is whether defendants have engaged in racially discriminatory employment practices. Defendants had the same interest in disproving that claim in the prior suit as in the present one. We conclude that there is substantial identity of issues in the two suits. [Id. at 569.]

Furthermore, of import in the Court's determination was the presence of the same defense counsel, the execution of a consent decree impacting on the defendant in the second action, and a close interrelationship between both of the defendants' actions. *Id.* at 569.

■■ Clearly, there must be substantial identity of issues, parties and interests in order for such deposition testimony to be admissible in a subsequent action. In the case at bar, the interests of the defendant in the *Cash* suit were demonstrably different than the interests of the defendant in the *Zohn* suit. As a consequence, the interests to be protected at the depositions in question were different. Thus, they are inadmissible on the plaintiff's case.

Appropriate orders have been entered.