**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2857-18T4

JOSEPH E. COLLINI, ESQ.,
JOHN C. EMOLO, ESQ.,
individually and as partners
of the law firm known as
EMOLO & COLLINI, ESQS.,

      Plaintiffs-Respondents,

v.

NATIONAL MEDICAL
CONSULTANTS, PC, and
EUGENE DEBLASIO, M.D.,

      Defendants-Appellants/
      Cross-Respondents,

and

LAEL E. FORBES, M.D.,

      Defendant-Respondent/
      Cross-Appellant.

_____

      Argued May 21, 2019 – Decided June 4, 2019

      Before Judges Fisher and Enright.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1418-18.

Vincent E. Reilly argued the cause for appellants/cross-respondents National Medical Consultants, PC, and Eugene DeBlasio, M.D. (Kinney Lisovicz Reilly & Wolff PC, attorneys; Vincent E. Reilly, of counsel; Vincent E. Reilly and Nicholas J. Guarino, on the brief).

Stuart Kagen (Kagen & Caspersen, PLLC) of the New York bar, admitted pro hac vice, argued the cause for respondent/cross-appellant Lael E. Forbes, M.D. (Kagen & Caspersen, PLLC, attorneys; Joshua C. Gillette and Stuart Kagen, on the brief).

Joseph E. Collini argued the cause for pro se respondents (John C. Emolo, on the brief).

PER CURIAM

To understand the issues presented in this interlocutory appeal, it is initially necessary to know of other related lawsuits. The first was a medical malpractice action filed by plaintiffs here – Joseph E. Collini, Esq., John C. Emolo, Esq., and Emolo & Collini (plaintiffs) – on behalf of their former clients, the Estate of Patricia Grieco and her husband (collectively, the estate), against Hans J. Schmidt, M.D. and Advanced Laparascopic Associates (ALA). The medical malpractice complaint alleged that Schmidt and ALA were engaged to perform laparoscopic gastric banding surgery on Patricia Grieco in November

2

2007 and that, due to their negligence, she suffered a pulmonary embolism and died.

In representing the estate, plaintiffs communicated in some fashion with defendants National Medical Consultants and Dr. Eugene DeBlasio; this led to the retention of defendant Dr. Lael Forbes to provide expert testimony in the medical malpractice action.

During the course of the medical malpractice action, we reviewed and reversed a pretrial evidence ruling favorable to the defense. Estate of Grieco v. Schmidt, 440 N.J. Super. 557, 561 (App. Div. 2015). Following our remand, trial was scheduled to occur in September 2015, but, not long before, Dr. Forbes advised plaintiffs she would no longer participate. Plaintiffs sought an adjournment to hire a new expert. That request was denied and the action soon after dismissed. No appeal was filed.

In January 2016, the estate – through plaintiffs – commenced an action against Dr. Forbes, National Medical Consultants, and Dr. DeBlasio. Dr. Forbes removed the action to federal district court and then moved to disqualify plaintiffs as the estate's counsel. Plaintiffs withdrew as counsel and another attorney entered an appearance for the estate.

The new attorney moved in the medical malpractice action for relief from the dismissal order pursuant to Rule 4:50-1. That motion was denied and we affirmed that disposition on appeal. Estate of Grieco v. Schmidt, No. A-0756-16 (App. Div. Jan. 29, 2018).

In April 2018 – with the estate's federal action in some sort of limbo[1] – plaintiffs commenced this action on their own behalf. They sued National Medical Consultants, Dr. DeBlasio, and Dr. Forbes, alleging, among other things, breach of contract and negligence, seeking damages caused to them by both the termination of the medical malpractice action and their departure from the federal action. Dr. Forbes moved for a dismissal, and the other defendants joined in. The motion was granted in part and denied in part; the judge also denied a motion to stay what remained of this action pending a disposition of the estate's federal action.

Dr. Forbes moved for leave to appeal, as did the other defendants. She argues the judge erroneously treated her dismissal motion as a summary judgment motion and made "erroneous findings of fact" without notice or the

---

[1] The record on appeal is unclear about the federal action's status. During oral argument, counsel advised that the estate retained a new attorney and that the new attorney has (or will) withdraw the existing complaint and will file (or has filed) a new complaint in federal court.

A-2857-18T4

opportunity to present additional evidence; she also argues the judge mistakenly created a "new cause of action" contrary to settled New Jersey law. The other defendants similarly contend that the judge erred in recognizing plaintiffs' right to pursue an independent cause of action for lost attorneys' fees and expenses. They argue that the pleaded claims belong to the estate, not plaintiffs, and that the judge erred in applying the "first-filed" doctrine and by refusing to apply the entire controversy doctrine, which they believe required a dismissal or a stay of this action. We granted defendants' motions for leave to appeal to consider these issues.

We initially observe that the judge's decision was governed by Rule 4:6-2(e). That rule commanded an assumption of the truth of plaintiffs' allegations and entitled the pleader to all reasonable inferences; the rule requires that the court search the challenged pleading "in depth and with liberality to determine whether a cause of action can be gleaned even from an obscure statement." Seidenberg v. Summit Bank, 348 N.J. Super. 243, 250 (App. Div. 2002). The motion judge clearly adhered to that limitation, and, on appeal, we must take the same approach. Ibid. So, we consider the order under review by assuming defendants were negligent and breached their agreements with plaintiffs.

Now, to be sure, plaintiffs were in large measure acting as the estate's representative in their dealings with defendants, but that does not preclude either a derivative or independent right to relief if defendants' negligence or breach of contract wrongly caused plaintiffs injury beyond or different from the estate's alleged injury. The very nature of plaintiffs' contingency fee agreement with the estate reveals plaintiffs had a real stake in the outcome of the medical malpractice action because certain obligations incurred during the litigation would be solely borne by plaintiffs if no recovery was obtained and because a recovery in favor of the estate would also benefit plaintiffs.[2] In short, it may be that plaintiffs' claim is largely derivative of the estate's, but, if the estate has a recovery in the federal action against the defendants, then plaintiffs' interest may

_____

[2] Defendants argue that <u>Rich v. Bongiovanni</u>, 4 N.J. Super. 243 (App. Div. 1949) precludes plaintiffs' assertion of a claim in their own right. That reliance is misguided. There, a breach of contract suit was commenced by both the principal and the principal's agent. We noted that the principal could commence the action and, also, that an agent "who contracts in his own name may sue[,] . . . [b]ut . . . we doubt[ed] whether the agent may be joined as a plaintiff unless the complaint discloses some reason for the joinder beyond the mere fact that the contract was made through his agency." <u>Id.</u> at 246. Here, the complaint reveals a reason for plaintiffs' assertion of a claim on their own behalf: the alleged right to recover the expenses they incurred in the medical malpractice action and the right – established by the contingency fee agreement – to recover a portion of any recovery obtained by the estate.

transform from a theoretical claim to a claim that might entitle them to compensation from defendants directly or through the estate's recovery. We, thus, find no error in the judge's denial of the motion to dismiss the breach of contract and negligence claims – contained in the first three counts of the complaint – against these defendants.[3]

We, however, reverse with respect to one discrete aspect of the order under review. As noted, the judge recognized the inherent link between the estate's federal case and plaintiffs' state case but did not stay the latter pending disposition of the former. We conclude that sound management principles require that this case be stayed pending the disposition of the estate's federal case because plaintiffs' suit is predominantly derivative of the success of the estate's claim. Moreover, with both cases simultaneously proceeding on parallel tracks, the opportunity for inconsistent rulings is palpable; we conclude the best course requires a stay of this action pending disposition of the first-filed federal

---

[3] The judge dismissed the fifth count (misrepresentation), sixth count (prima facie tort), seventh count (tortious conduct that caused plaintiffs to incur litigation costs), and eighth count (physician's failure to aid lawsuit). The judge also dismissed the part of the fourth count that seeks punitive damages insofar as it is based on a breach of contract theory; he denied the remainder of that count while expressing "serious[] doubt" about its "viability." Plaintiffs did not move for leave to appeal those parts of the order, so, we express no view about those rulings.

7

action.  See Continental Ins. Co. v. Honeywell Intern., Inc., 406 N.J. Super. 156, 173-75 (App. Div. 2009).

Affirmed in part and reversed in part.  We remand for the entry of an order staying this action pending disposition of the estate's federal action.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2857-18T4