**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3148-22

ANGELA M.
CARRILLO-MENDOZA,

    Plaintiff-Appellant,

v.

LAURIE S. KURS, STEVEN A.
KURS, and
BHAIRAVI H. MALKAN,

    Defendants,

and

HIREN G. MALKAN,

    Defendant-Respondent.

_____

        Argued May 20, 2024 – Decided July 26, 2024

        Before Judges Gilson and Berdote Byrne.

        On appeal from the Superior Court of New Jersey, Law
        Division, Mercer County, Docket No. L-0163-17.

Salomao Nascimento argued the cause for appellant (Epstein Ostrove, LLC, attorneys; Salomao Nascimento, on the briefs).

Robert P. Stein argued the cause for respondent (Goldberg, Miller & Rubin, PC, attorneys; Robert P. Stein, on the brief).

PER CURIAM

Plaintiff appeals from a judgment of no cause after a jury trial in her personal injury action, arguing the trial court erred in: 1) excluding a statement made by an unidentified female motorist, in contravention of the excited utterance exception to the hearsay rule, N.J.R.E. 803(c)(2); 2) failing to allow her to present rebuttal evidence; and 3) using the model jury charge regarding settling defendants. After reviewing the record in the light of prevailing legal principles, we affirm.

I.

We glean the following facts from the record. Plaintiff was traveling in the middle car of a three-car accident that occurred on February 11, 2015. She filed a negligence action in 2017 against Steven Kurs, Laurie Kurs (Laurie), Hiren Malkan (defendant), and Bhairavi Malkan for injuries she allegedly sustained. Steven Kurs and Bhairavi Malkan separately moved for summary judgment and their motions were granted by the trial court. Plaintiff then settled

with Laurie in February 2022.  Plaintiff and defendant subsequently agreed to a liability-only trial.

Prior to trial, plaintiff stated she intended to call Laurie as a witness, despite having settled her claim against Laurie.  On March 27, 2023, prior to trial, defendant moved in limine to preclude deposition testimony from Laurie relating to an unidentified witness to the accident.  Specifically, defendant sought to exclude Laurie's deposition statement of what occurred immediately after the accident, where, in her deposition, she stated:

> The car behind me, the woman got out.  I don't know her, and I didn't think at the time . . . to ask her for her name.  But she came out, and she said that she had seen what happened.  And she said -- and I'm only repeating what she said that she had seen -- she might have been more hugging more to the left so she was able to see what happened, or to the right, I don't know.  But that the car in the middle had hit the first car, which is probably, I'm only guessing, why [defendant's] lights didn't go on.  [Defendant] didn't stop.  And me not knowing it, she said, then I went into [defendant's car].  . . . That . . . [o]ne is the first car, two is in the middle, and me is three.  That two hit one, and then I hit two.

The trial court granted defendant's motion, finding Laurie's statement failed to meet the standards for an excited utterance pursuant to N.J.R.E. 803(c)(2).  It also denied plaintiff's request for a hearing on the matter pursuant to N.J.R.E. 104.  In addition, the trial court agreed with defendant that the jury

3

should be charged pursuant to <u>Model Jury Charges (Civil)</u>, 1.11G "Settling Defendants" (rev. April 2018) based on Laurie's expected testimony at trial. The next day, plaintiff moved for reconsideration of the trial court's in limine ruling regarding the unidentified motorist's statement, which was denied.

Plaintiff, Laurie, and defendant testified at trial. Plaintiff's counsel read into evidence portions of defendant's deposition transcript prior to defendant's testimony, and on cross-examination addressed discrepancies between defendant's trial testimony and deposition testimony. The day after defendant concluded his testimony, plaintiff sought to introduce "rebuttal evidence" consisting of defendant's answer to plaintiff's nineteenth interrogatory question regarding the speed his car was travelling when the collision occurred. The trial court prohibited plaintiff from introducing the interrogatory, finding plaintiff had prior access to it and should have used it on cross-examination. The court reasoned allowing plaintiff to present the interrogatory would "draw [undue attention] to the jury as if there is something that was hidden, or this is a new issue. It's not a new issue."

The jury rendered a unanimous verdict in favor of defendant, and the court entered a judgment of no cause for action on May 23, 2023. This appeal followed.

A-3148-22

We review evidentiary rulings for an abuse of discretion, with substantial deference afforded to the trial court. Hrymoc v. Ethicon, Inc., 254 N.J. 446, 463 (2023); see Casino Reinv. Dev. Auth. v. Lustgarten, 332 N.J. Super. 472, 497 (App. Div. 2000). A trial court's decision whether to conduct a hearing pursuant to N.J.R.E. 104 is also reviewed for an abuse of discretion. Est. of Grieco v. Schmidt, 440 N.J. Super. 557, 567 (App. Div. 2015). Trial court's rulings are generally upheld unless they are "'so wide of the mark' that [they] constitute[] 'a clear error in judgment.'" State v. Olenowski, 255 N.J. 529, 572 (2023) (quoting State v. Allen, 254 N.J. 530, 543 (2023)); see also Hrymoc, 254 N.J. at 463. However, we review issues of law de novo. State v. Scott, 474 N.J. Super. 388, 403 (App. Div. 2023).

### III.

A. The Excited Utterance Exception to the Hearsay Rule.

Plaintiff argues that Laurie's testimony concerning what the unidentified motorist said to her should have been admitted as an excited utterance pursuant to N.J.R.E. 803(c)(2). She contends the statements were made immediately after "a very serious, shocking crash involving multiple larger vehicles" and the unidentified female declarant must have been excited by what she witnessed.

Further, plaintiff asserts there is nothing in the record to show the unidentified declarant had any reason to fabricate her statement. As such, plaintiff claims the statements satisfy each of the elements necessary to admit an excited utterance. She argues the trial court, at minimum, should have conducted a Rule 104 hearing to determine the reliability of the statement. We disagree.

"Hearsay is generally inadmissible, N.J.R.E. 802, except if it falls within one of the hearsay exceptions," such as a statement that qualifies as an excited utterance. State v. Outland, 458 N.J. Super. 357, 364 (App. Div. 2019) (quoting State v. Williams, 169 N.J. 349, 358 (2001)); N.J.R.E. 803(c)(2). For a hearsay statement to be admitted under the excited utterance exception, the proffering party must lay a foundation that the declarant spoke "'under the stress of excitement" without "the opportunity to deliberate or fabricate." N.J.R.E. 803(c)(2); Gonzales v. Hugelmeyer, 441 N.J. Super. 451, 458 (App. Div. 2015); State v. Branch, 182 N.J. 338, 357–58 (2005).

A statement will qualify as an excited utterance if it meets the factors enumerated in Truchan v. Sayreville Bar & Restaurant:

> (1) the amount of time that transpired between the initial observation of the event and the subsequent declaration of the statement; (2) the circumstances of the event; (3) the mental or physical condition of the declarant; (4) the shock produced; (5) nature of the

statement; and (6) whether the statement was made voluntarily or in response to a question.

[323 N.J. Super. 40, 48-49 (App. Div. 1999); State v. Belliard, 415 N.J. Super. 51, 87 (App. Div. 2010) (quoting State v. Buda, 195 N.J. 278, 294 (2008)); State v. Long, 173 N.J. 138, 159 (2002).]

As the trial court aptly observed, there was no evidence presented to support the contention that the unidentified motorist's statement qualified as an excited utterance. Because the declarant is unidentified, the requisite emotional state must be demonstrated, rather than merely inferred. See Gonzales, 441 N.J. Super. at 458 (holding the statement from an unidentified witness "was not eligible as an excited utterance because there was no foundation laid that the declarant spoke 'under the stress of excitement' without 'the opportunity to deliberate or fabricate.'").

Plaintiff claimed the declarant was excited based solely on the fact she had allegedly witnessed an accident. However, unlike plaintiff, the unidentified motorist was not involved in the accident. Moreover, Laurie's deposition testimony made clear she was "only guessing" at what the motorist meant. Laurie's deposition testimony does not provide any indication of how long after the accident the declarant spoke with her. Nothing establishes the declarant's mental or physical state at the time of her alleged statement. Moreover, the

unidentified witness was not mentioned in any police report and was only first mentioned by Laurie at her deposition approximately two years after the accident. Laurie, who had at that point not yet settled her case with plaintiff, made the self-serving statement, and the trial court was correct to find the statement unreliable.

The trial court was not required to have a Rule 104 hearing to test the reliability of the statement. Only Laurie would have been able to offer any testimony regarding the circumstances of the statement, nearly ten years after the accident occurred.

B. Rebuttal Evidence.

Plaintiff also contends she should have been permitted to read into evidence defendant's answer to the nineteenth form interrogatory to rebut his testimony from the prior day. Plaintiff argues there was no reason not to permit the entry of rebuttal evidence in this instance as the jury had not yet been charged. We discern no abuse of discretion in the judge's denial.

Rebuttal evidence is intended to challenge or contradict new matters raised by an opposing party at trial. See N.J. Div. of Child Prot. & Permanency v. T.D., 454 N.J. Super. 353, 385 (App. Div. 2018). "Generally, a party holding the affirmative of an issue is obligated to present all of the evidence on the case

in chief before the close of the proof, and does not have the right to add to it on rebuttal." 75 Am. Jur. 2d Trial § 283 (2024); see T.D., 454 N.J. Super. at 385 (finding no abuse of discretion when the trial court denied request to call a father's "daughter on rebuttal, as his ability to parent was not an unexpected issue raised" by the other party). Evidence cumulative to the party's case in chief is not rebuttal evidence. See T.D., 454 N.J. Super. at 385 ("Rebuttal evidence is appropriate 'when necessary because of new subjects introduced on direct or cross-examination' of witnesses.") (quoting State v. Cook, 330 N.J. Super. 395, 418 (App. Div. 2000)).

Plaintiff introduced testimony from Laurie, the driver of the third vehicle, who testified defendant's car's brake lights did not turn on, and defendant's car was still moving. On cross-examination, defendant was specifically questioned regarding the speed he was traveling at the time of the crash, and he stated he "was almost stopped . . . when [he was] hit from behind." When questioned further, defendant testified he was "[s]topped, . . . [o]r almost stopped, . . . it was . . . like, . . . the speed was zero." Plaintiff then questioned him regarding his prior deposition testimony on the same issue, and the speed of his vehicle as he described it in the police report, before concluding cross-examination. The interrogatory plaintiff sought to read into evidence should have been introduced

during plaintiff's direct case or, at the very least, during cross-examination of defendant. It was not new evidence and could have been anticipated prior to and during trial.

C. The Jury Charge Regarding Settling Defendants.

With respect to the appeal of a jury charge, we must ascertain "whether an erroneous charge may have affected the trial's result." Washington v. Perez, 219 N.J. 338, 351 (2014). This requires us to examine the entire charge, rather than review individual errors in isolation. Ibid. (quoting Viscik v. Fowler Equip. Co., 173 N.J. 1, 18 (2002)). Reversal is inappropriate where the instruction was "incapable of producing an unjust result or prejudicing substantial rights," ibid. (quoting Mandal v. Port Auth. of N.Y. & N.J., 430 N.J. Super. 287, 296 (App. Div. 2013)), or accords with the model jury charges. Graphnet, Inc. v. Retarus, Inc., 250 N.J. 24, 40 (2022).

Plaintiff maintains the trial court prejudiced her before the jury by informing it Laurie settled with plaintiff before trial. She asserts her settlement with Laurie was irrelevant and a jury should not be informed of a party's settlement prior to trial if the court can avoid it. She also asserts the trial court's instruction "likely confused" the jury with its "contradictory" instruction, which emphasized settlement and made speculation unavoidable.

10

"[A] jury charge is presumed to be proper when it tracks the model jury charge because the process to adopt model jury charges is 'comprehensive and thorough.'" State v. Cotto, 471 N.J. Super. 489, 543 (App. Div. 2022) (quoting State v. R.B., 183 N.J. 308, 325 (2005)). Although plaintiff contends the jury charge is "contradictory," she does not explain the alleged contradiction. Plaintiff elected to call Laurie as a witness and the trial court was required to advise the jury as to the reason Laurie was not a defendant in the case, and the reason it need not weigh Laurie's potential culpability.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3148-22